426 A.2d 576

**COMMONWEALTH of Pennsylvania,**

v.

**Richard NEAL, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 26, 1981.

Decided March 13, 1981.

Reargument Denied May 11, 1981.

John W. Packel, Assistant Public Defender, Chief, Appeals Div., Jeffrey Shender, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Steven Cooperstein, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## ORDER

PER CURIAM.

Mr. Justice NIX, Mr. Justice LARSEN, and Mr. Justice KAUFFMAN would dismiss the appeal as improvidently granted.

Mr. Chief Justice O'BRIEN, Mr. Justice ROBERTS, and Mr. Justice FLAHERTY would reverse the order of the Superior Court. The order of the Superior Court, therefore, is not disturbed.

Mr. Justice ROBERTS filed an Opinion in Support of Reversal in which Mr. Chief Justice O'BRIEN and Mr. Justice FLAHERTY join.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

Appellant Richard Neal was convicted in the Municipal Court of Philadelphia for retail theft and conspiracy. He received concurrent sentences of eleven and one-half months to five years for retail theft and five years' probation for conspiracy. Appellant then exercised his right to a trial *de novo* in the court of common pleas, pursuant to 42 Pa.C.S. § 1123(a)(2) and Pa.R.Crim.P. 6007.

On May 7, 1976, appellant, who was incarcerated in Graterford State Penitentiary for an unrelated offense, was brought to court in Graterford Prison clothing—purple pants and purple shirt, with a prison number on the shirt. Immediately upon his appearance in court, prior to the commencement of any proceedings, appellant filed a motion for a continuance so that he could proceed in civilian clothes before a tribunal which would not be exposed to the outward evidence of his prior conviction. This motion was

denied. The court then conducted a colloquy with appellant in which appellant waived his constitutional right to a jury trial and pleaded not guilty. Trial immediately followed. Appellant was again found guilty of retail theft and conspiracy. This time, however, the court imposed the maximum sentence permitted by law—two and one-half to five years for each offense, to be served consecutively. These sentences were also to be served consecutively to the three to ten year sentence that appellant was then serving in Graterford State Penitentiary. The Superior Court affirmed, with Judge Spaeth dissenting. 258 Pa.Super. 375, 392 A.2d 841. This appeal followed.

Appellant alleges two assignments of error. First, he asserts that the trial court abused its discretion by imposing a sentence greater than that imposed at his first trial without providing any reasons for the substantial increase in sentence, despite appellant's request that reasons appear on the record. Second, appellant asserts that it was error for the trial court to deny his pretrial motion for a continuance so that he could obtain civilian clothes and stand trial before a tribunal unexposed to the evidence of his prior conviction for an unrelated offense. Because we agree with appellant that the trial court committed reversible error in commencing trial over appellant's specific objection that he be permitted to stand trial in civilian clothing, we would reverse the order of the Superior Court and remand for a new trial.

Upon appellant's appearance in court in State prison uniform, two facts were immediately established: appellant had been convicted of a crime, and the crime was serious enough to require incarceration in a State maximum-security prison. Once exposed to these facts, the trial court had the duty, upon motion of appellant, to continue the case so that appellant could proceed before another tribunal in clothing which did not evidence his prior conviction.

The failure to grant appellant's motion for continuance, despite the obviously prejudicial implications to a finder of fact, may have influenced the defendant's subsequent decision to waive his constitutional right to a jury trial. How-

ever, even assuming that appellant would have elected to proceed with a non-jury trial if permitted to appear in civilian clothes, it was nonetheless improper for the court to require appellant to be tried before a judge in prison uniform.

This impropriety stems from the fact that to compel a defendant to stand trial in prison uniform, reflecting his status as an already convicted criminal, disparages the presumption of innocence. As the United States Supreme Court has stated:

> " 'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.' *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481, 491 (1895).
>
> To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970)."

*Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692–93, 48 L.Ed.2d 126 (1976). See *Commonwealth v. Davis*, 466 Pa. 102, 116, 351 A.2d 642, 649 (1976) ("a defendant should be allowed to wear the garb of innocence").

To inquire whether the evidence of appellant's prior conviction as displayed by his prison uniform actually prejudiced the accused is to miss the mark. As Mr. Justice Nix, writing for this Court, observed:

> "If it is established that the information received during the pre-trial proceeding would have been incompetent in the subsequent proceeding and that it was of a sufficiently inflammatory nature to arouse a prejudice against the defendant he need not demonstrate that the information actually influenced the court's actions. We are impressed with the wisdom of the ABA § 1.7 Standards Relating to

the Function of the Trial Judge which provides: 'The trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case *or whenever he believes his impartiality can be reasonably questioned.'* (Emphasis supplied). We have every confidence that the trial judges of this Commonwealth are sincere in their efforts to avoid consideration of incompetent inflammatory evidence in reaching their judgments but we also are acutely aware that the appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would be the actual presence of either of these elements."

*Commonwealth v. Goodman,* 454 Pa. 358, 361, 311 A.2d 652, 654 (1973) (footnote omitted). This evidence, impermissibly before the trier of fact before trial ever began, is unlike inadmissible prejudicial evidence which comes to the attention of the trial judge during the course of trial. In order to avoid the unnecessary and unwarranted effect of requiring an automatic mistrial when such evidence arises during trial, we rely upon the trial judge to exercise his discretion in determining whether, given his training and expertise, he is able to disregard the prejudicial evidence and render a decision based only upon that evidence which is admissible. However, where as here, trial has not yet begun, and the trial court has the easily available alternative of a continuance, there is no compelling interest to be served by proceeding to trial in the face of potential prejudice. As this Court has recognized, a judge, no less than a jury, may potentially be influenced by a defendant's prior criminal record. *Commonwealth v. Oglesby,* 438 Pa. 91, 263 A.2d 419 (1970). See Levin & Cohen, *The Exclusionary Rules in Nonjury Criminal Cases,* 119 U.Pa.L.Rev. 905, 912 (1971) ("judges are vulnerable to the prejudice of a prior record").

A criminal trial is a search for truth. It is also a system of procedures designed to protect the substantive right to liberty by assuring that no person is convicted and punished unless his guilt has been established beyond a reasonable doubt. See *Williams v. Florida,* 399 U.S. 78, 112, 90 S.Ct.

1893, 1911–12, 26 L.Ed.2d 446 (1970) (Black, J., joined by Douglas, J., concurring in part and dissenting in part).

The procedures used in the truth-seeking process must not only be fair; they must also appear to be fair. "Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness.... [T]o perform its high function in the best way 'justice must satisfy the appearance of justice.' *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11." *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). "The public conscience must be satisfied that fairness dominates the administration of justice." *Adams v. United States*, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942). Judge Spaeth, dissenting from the Superior Court's disposition, properly characterized the state of the law in this Commonwealth when he observed:

"I know of no case—except this one—in which we have countenanced an order requiring a defendant to stand trial in prison clothes. Appellant's counsel was entirely correct in his argument to the trial judge, that such a trial 'is unbecoming to our system of justice in the United States.' The trial was unbecoming not only because anyone observing it would wonder whether the judge would be able to preside impartially. It was also unbecoming because of the unnecessary, and purposeless, humiliation inflicted upon appellant."

258 Pa.Super. 375, 387, 392 A.2d 841, 847–48 (1978) (footnote omitted).

To compel an accused to stand trial in clothing which displays his status as an already convicted criminal furthers no legitimate purpose. It serves only to undermine the confidence of both the accused and the public that his trial is a fair one. Thus,

" '[t]he presumption of innocence requires the garb of innocence, and regardless of the ultimate outcome, or the evidence awaiting presentation, every defendant is entitled to be brought before the court with the appearance,

dignity, and self-respect of a free and innocent man, except as the necessary safeguard and decorum of the court may otherwise require.' "

*Commonwealth v. Keeler*, 216 Pa.Super. 193, 197–98, 264 A.2d 407, 410 (1970), quoting *Eaddy v. People*, 115 Colo. 488, 174 P.2d 717, 719 (1946). Accord, *Commonwealth v. Davis*, supra.

Therefore, the order of the Superior Court should be reversed, judgment of sentence vacated, and case remanded for a new trial.

O'BRIEN, C. J., and FLAHERTY, J., join in this Opinion in Support of Reversal.