705 A.2d 1297

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Roberto VARGAS.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1997.

Decided Feb. 27, 1998.

Catherine Marshall, Helen Kane, Philadelphia, for Com., appellant.

336

Daniel Paul Alva, Philadelphia, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

CASTILLE and NEWMAN, JJ., file dissenting statements.

CASTILLE, Justice, dissenting.

The issue raised in this matter is whether the Superior Court erroneously remanded this matter to the trial court where the trial court refused to allow appellee to delay the start of the second day of his trial in order to change from prison-issued clothing into clothes that his family had brought for him to the courtroom. I must respectfully dissent from the majority's decision to dismiss this matter as improvidently granted because I believe that this Court should determine whether the trial court's refusal was harmless error and whether the Superior Court erred in holding that the trial court abused its discretion. Additionally, this Court has had few opportunities to offer guidance to the lower courts concerning the impact of a prisoner's clothing at trial in a criminal matter.

A summary of the evidence supporting appellee's conviction is as follows: On March 12, 1992, appellee solicited four other men to join in the armed robbery of the victim in order to obtain cash. Each of the conspirators was armed with a firearm when appellee led them to the victim's home. Once there, they all displayed their weapons and forced entry into the targeted home. Inside, the perpetrators encountered a friend of the victim and demanded to know where the victim's money and valuables were located. When the friend was unable to provide this information, the perpetrators proceeded to beat the friend severely and then bind him. They ransacked the home and searched for the victim. Upon discover-

ing the victim hiding in a back room, appellee and one of his conspirators beat the victim and bound his hands and feet with duct tape before executing him by fatally shooting him twice in the back of the head at close range. After the perpetrators fled the house, the friend was able to free himself and summon police and paramedics. The victim was pronounced dead on arrival after he was transported to a local hospital. Following the arrests for the crime, two of the conspirators pled guilty, and each proffered statements inculpating appellee as the individual who fired the fatal gunshots into the victim's skull. Both conspirators testified accordingly at appellee's trial.

On the second day of trial, appellee's family brought civilian clothes directly to the courtroom for appellee to wear in place of his prison-issued garb. Pursuant to an existing sheriff's department policy, for security reasons, no prisoner is allowed to change clothes in the courthouse except in the changing area of the prisoner cellroom located on another floor of Philadelphia City Hall. However, because of appellee's family's dereliction, the clothes were delivered too late for him to be transported back to the cellroom since the trial had resumed. The trial court, so as not to delay trial further, denied appellee's request to change clothes in the courtroom or to return to the cellroom to change. As a precaution, however, the court instructed the jury that the mere fact that appellee was arrested, accused of a crime, and may have even been in custody at the time of trial was not any evidence that could be used against him in determining guilt. The jury found appellee guilty of third degree murder, robbery, aggravated assault, conspiracy and possessing an instrument of crime. Following post-trial motions appellee was sentenced to 12 1/2 to 25 years imprisonment.

On appeal, the Superior Court reversed appellee's judgment of sentence and remanded the case for a new trial, finding that the trial court abused its discretion when it refused to delay the second day of appellee's trial so that he could change into civilian clothing. The Superior Court granted a new trial even though there was no mention in the record of the type of

prison-issued clothing worn by appellee nor were there any indications by the jury that it was in any way prejudiced against appellee because of his clothing. This Court granted the Commonwealth's *allocatur* petition but remanded the matter so that the trial court could determine of record the appearance of the allegedly objectionable clothing worn by appellee at trial. Upon remand, the parties, by agreement, moved into the record a pair of blue dungaree pants and a light blue shirt representing the type of prison-issued items generally issued to inmates and similar to that worn by defendant at his trial.

As I believe that this case raises important issues bearing upon a trial judge's authority and ability to manage his or her courtroom, and the level of evidence needed to overturn a judge's discretionary ruling, I believe that this Court should address this matter on its merits. This Court has long held that unless there is *evidence* that the jury was influenced by the potentially prejudicial circumstances surrounding an accused's presence during trial, no relief is warranted. *See e.g., Commonwealth v. Brown,* 538 Pa. 410, 434–35,648 A.2d 1177, 1118–89 (1994) (even though appellant was shackled during penalty hearing, appellant's failure to demonstrate that jury saw shackles and that it was influenced in any manner by shackles precluded relief); *Commonwealth v. Gay,* 489 Pa. 17, 413 A.2d 675 (1980) (appellant's presence in shackles on one occasion during trial did not require a new trial since there was no evidence of record supporting prejudice claim). Here, the Superior Court granted a new trial even though the record failed to demonstrate how the clothing worn by appellee could have prejudiced him, especially in light of the trial judge's cautionary instruction to the jury. Additionally, the trial court found that there was nothing about the clothing that marked or identified it as prison attire.

I believe that this matter presents an important question concerning the impact of a prisoner's clothing at trial which this Court has had few opportunities to address. *See e.g.*

*Commonwealth v. Neal,* 493 Pa. 335, 426 A.2d 576 (1981) (*per curiam* order dismissing the matter as improvidently granted).[1] This issue is one that trial courts repeatedly face and which has yet to be resolved with any finality by this Court. Indeed, this same issue, apparently involving the same prison clothing, was recently raised by the defendant before this Court in *Commonwealth v. Lewis,* —— Pa. ——, 704 A.2d 636 (1997). The Superior Court's affirmance of the trial court in *Lewis* is in direct contradiction to its decision in the instant matter. Therefore, this Court should decide this matter in order to establish guidance for the lower courts. By failing to review this matter, this Court is allowing *Neal, Lewis,* and *Vargas,* three Superior Court cases reaching conflicting and confusing results concerning the propriety of a prisoner appearing in court in prison-issued clothing, to stand. Furthermore, the Superior Court's ruling in the instant matter indicates that the mere failure of a trial court to allow a defendant to change clothes, regardless of whether prejudice is established or regardless of any safety or court management concerns, per se requires reversal.[2] Accordingly, I dissent from the Court's dismissal of the matter as improvidently granted.

**1.** In *Neal,* the appellant was brought to court for trial in prison clothing consisting of purple pants and a purple shirt with a prison number on the shirt. Prior to the commencement of any proceedings, the appellant filed a motion for continuance so that he could proceed in civilian clothes. The trial court denied the motion, and the appellant waived his right to a jury trial. Appellant was convicted and appealed on the ground that the trial court abused its discretion in denying the appellant permission to stand trial in civilian clothing. The Superior Court affirmed the judgment of the trial court.

**2.** The holding in this matter could also be construed to be contrary to our decision in *Commonwealth v. Baker,* 511 Pa. 1, 511 A.2d 777 (1986), in which this Court held that a defendant was not prejudiced when he appeared during jury selection in blue colored prison-issued clothing similar to the clothing worn by appellee in the instant case. The defendant had opted not to wear the civilian clothing that had been brought to the courtroom for him, and this Court agreed with the trial court that the blue clothing did not appear to be prison-issued; therefore, the defendant was not prejudiced. However, *Baker* is not totally dispositive of the issue presented in the instant matter because the defendant in *Baker* voluntarily chose not to change his prison clothing and wore the prison clothing only in the initial stages of jury selection and not during trial.

340

NEWMAN, Justice, dissenting.

I join the Dissenting Statement filed by Mr. Justice Castille. I write separately to emphasize that I would hold that a defendant must demonstrate that he or she suffered prejudice to obtain relief for a claim that a trial court did not permit a defendant to change from prison-issued clothes to other clothing before appearing in front of a jury.

The record clearly establishes that the defendant wore prison clothes in front of the jury on July 5, 1994 (jury selection) and July 6, 1994 (jury selection and trial). It was not until July 7, 1994, the third day of proceedings before the jury, that the defendant requested an opportunity to change into clothes that his family brought to court. The record does not demonstrate whether the defendant changed his clothes before the afternoon session on July 7, 1994, or whether he changed the following day.

The defendant could not have suffered any prejudice from wearing these clothes in front of the jury for, at most, another day. Moreover, the Superior Court's conclusion that the defendant wore "obvious" prison clothes has no support in the record. Therefore, I believe that the Superior Court erred when it granted the defendant a new trial. Accordingly, I dissent.