364 A.2d 388

COMMONWEALTH of Pennsylvania

v.

Charles GARRISON, Appellant.

Superior Court of Pennsylvania.

Sept. 27, 1976.

511

James J. DeMarco, Philadelphia, (Court Appointed), for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

512

VAN der VOORT, Judge.

The appellant, Charles Garrison, was tried by a jury and found guilty of charges of arson endangering persons, burglary and conspiracy. Following post-trial motions and sentencing, he filed this direct appeal with our Court.

The charges arose out of a series of incidents wherein the appellant was involved in a heinous series of acts calculated to terrorize a female acquaintance and her roommate. These acts included the burglary of their premises, setting of a fire at their door which fortunately expired before it could consume the whole apartment house in which they resided, and personal threats of violence towards both women both before and after the arson. Appellant acted with the aid of others in some of these escapades.

On this appeal, several claims of error are raised. The appellant first contends that the trial judge committed several errors in his charge to the jury.[1] It is argued, *inter alia*, that the trial court erred by incorrectly charging the jurors on the element of recklessness in the arson crimes charged and by unfairly commenting upon the evidence presented. Neither of these allegations of error were raised at trial at the conclusion of the

1. The record available to our Court contains only one written set of post-trial motions raising the general grounds that the verdict was "contrary to law", "contrary to the evidence," and contrary to the weight of the evidence. Since the post-trial motions in this case arose subsequent to *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), we would ordinarily decline review of all other grounds. *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975). However, the transcript of argument on the post-trial motions reveals reference to a "brief" presented by defense counsel subsequent to the filing of the motions but prior to the hearing on the motions. This "brief" apparently contained additional written claims which were discussed by the lower court at the hearing. It would have been clearly preferable to have included such documents in the official record to make it complete and aid our review. In view of uncertainty as to who might have been responsible for such failures, we will not apply the waiver principle established in *Blair, supra* and *Bailey, supra*.

charge. While some specific claims of error were brought to the court's attention by defense counsel, his general exception to the charge does not adequately preserve the questions discussed above for appellate review and must be deemed to have been waived. See Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure; *Commonwealth v. Carbonetto*, 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Riddick*, 232 Pa.Super. 333, 334 A.2d 705 (1975).

■ Appellant raises other contentions concerning the jury charge which were preserved by appropriate specific objection at the conclusion of the charge and by inclusion in post-trial motions. Appellant's claim that the charge incorrectly explained the reasonable doubt standard to the jury is completely devoid of merit. Our review of the charge reveals that the explanation of that standard by the trial judge was clear, correct and in compliance with a multitude of appellate decisions.

■ The appellant also argues that the lower court incorrectly defined the requisite elements necessary to prove the arson charge. It is claimed by appellant that the Commonwealth had to prove the burning of a building and not a mere scorching or discoloration. The relevant law, prior to 1973, was contained in 18 P.S. § 4905, which defined arsonist as one who " . . . sets fire to or burns . . . any dwelling house." However, the present Crimes Code, applicable in the instant prosecution, provides guilt for one who " . . . starts a fire or causes an explosion." See 18 Pa.C.S. § 3301, effective June 6, 1973, While appellant cites cases dating back to the early eighteenth century to support his rationale, his contentions clearly lack merit under the present statute. If the appellant's argument were carried to its logical extreme, no arsonist could be convicted if firefighters saved a building some step short of total destruc-

tion by fire. We note the following Comment to § 220.1 of the Model Penal Code, upon which our statute is based:

"Section 220.1 . . . . . is famed in terms of starting a fire or causing an explosion. Thus, the actor is guilty of arson even though the fire is extinguished before any significant damage is done. In effect, the attempt is punishable equally with the completed offense."

We agree with that comment and find appellant's contentions to the contrary to be without merit.

█ Next, the appellant contends that the lower court improperly denied him the right to waive a jury trial. The record shows that several days prior to the jury trial in the instant case, the appellant requested a non-jury trial. Judge McDermott (who finally presided at the appellant's trial), honored the appellant's request and sent him to another courtroom, where jury waivers and non-jury trials were scheduled. The appellant apparently did not waive jury trial when given that opportunity. Upon his return to the courtroom of Judge McDermott, the appellant indicated he would waive a jury trial before another judge, but would not waive one before Judge McDermott. From reading the record it becomes clearly apparent that appellant was "shopping" for another judge. He even furthered these efforts by attempting to discharge his defense attorney on the day of trial, as will be more fully discussed below. We do not feel that the lower court's action in refusing to accept a jury waiver was erroneous in these circumstances.

█ Rule 1101 of the Pennsylvania Rules of Criminal Procedure expressly provides the trial judge with discretion in accepting a criminal defendant's waiver of jury trial. It provides, *inter alia*, that ". . . the defendant *may* waive a jury trial with . . . approval by a judge of the court in which the case is pending." It is well established that there is no constitutional prohibition to a

court's denial in appropriate circumstances, of a defendant's request to be tried by a judge sitting without a jury. As the Supreme Court of the United States has said: ". . . of course, a jury trial could not be waived by [a criminal defendant] without the consent of the Government and of the court." *Serfass v. United States*, 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265, 274 (1975). See also Federal Rule of Criminal Procedure 23 (a) ; *United States v. Farries*, 459 F.2d 1057 (3rd Cir. 1972), cert. denied 409 U.S. 888, 93 S.Ct. 143, 34 L.Ed.2d 145 (1972), cert. denied 410 U.S. 912, 93 S.Ct. 975, 35 L. Ed.2d 275 (1973).

■ In the instant circumstances, we find that the lower court committed no abuse of discretion in denying appellant's waiver request since it was apparent that the appellant's only purpose for attempting such waiver was to maneuver for a judge he thought might be more lenient or for other reasons more desirable. The lower court must examine the waiver of jury trial carefully since it constitutes a relinquishment of a significant and fundamental constitutional right. *Commonwealth v. Stokes*, 450 Pa. 167, 299 A.2d 272 (1973). The defendant must demonstrate a knowing, intelligent and understanding waiver before the trial court can agree to permit trial without jury. *Commonwealth v. Garrett*, 439 Pa. 58, 266 A.2d 82 (1970). In the instant case appellant's expressed reasons for requesting jury trial, and total conduct suggest less than a knowing and intelligent basis for the relinquishment of an important constitutional right. Moreover, such attempts to "shop" for a more desirable judge, as are exhibited in the record of this case, are not to be condoned.

■■ Last, appellant contends it was error to have compelled him to be represented by his trial counsel, who also represents him on this appeal. As noted above, the appellant, in his efforts to avoid trial before Judge Mc-

Dermott, made an attempt to discharge court appointed counsel as jury selection was to begin. This effort was made as a further step in the appellant's clear attempt to avoid trial before Judge McDermott.[2] Moreover the appellant expressed no concern for the ability, skill, preparedness or cooperation of counsel.[3] The court inquired as to whether defense counsel was fully prepared to try the case and the attorney responded affirmatively.

In light of these facts, we see no error in the lower court's denial of the appellant's request to replace counsel. The request was obviously an attempt to obstruct orderly proceedings, solely to accomplish appellant's goal of trial before another judge. Such attempts at disruption and efforts to replace appointed counsel cannot be countenanced. Compare *Commonwealth v. Stiles*, 229 Pa. Super. 411, 323 A.2d 841 (1974).

Affirmed.

2. It is claimed on this appeal that appellant had a desire to represent himself, in reliance upon *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the trial record is totally devoid of any suggestion or request by appellant for self representation. He took advantage of the court's offer to hear the basis for his request; he merely expressed the desire to avoid non-jury trial before Judge McDermott. It is clear that an indigent criminal defendant is entitled to appointed counsel, but not necessarily any appointed counsel he may choose. *Commonwealth v. Shirk*, 228 Pa.Super. 356, 323 A.2d 99 (1974).

3. In fact, appellant complimented counsel on his efforts, on the record, at the time of sentencing and asked the court to continue the appointment through the course of post-trial appeals.