402 A.2d 532

**COMMONWEALTH of Pennsylvania**

v.

**Michael S. PETTIFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided April 20, 1979.

---

2. See *Commonwealth v. Kendrick,* 70 D. & C. 366 (1949).

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgments of sentence imposed after appellant's conviction on rape and other charges. Appellant now contends that the court erred in admitting the hearsay testimony of three witnesses, one of whom was allowed to recount the entire criminal episode of the rape in great detail, as told to her by the victim shortly after the rape occurred. The trial judge allowed this testimony as proof of "prompt complaint" by the rape victim. This was erroneous because hearsay allowed to prove a prompt complaint is limited to the fact that a complaint was made, and only so much of its detail is allowed as is necessary to identify the occurrence complained of with the crime charged. *Commonwealth v. Krick,* 164 Pa.Super. 516, 522, 67 A.2d 746, 749–50 (1949). *See generally* 75 C.J.S. Rape § 53b, pp. 526–27. The detailed hearsay testimony allowed here went far beyond what was necessary to identify the occurrence with the crime charged.

However, we can affirm if for any reason the admission of the evidence was proper. *See Woodward Heating & Air Conditioning v. American Arbitration Assn.,* 259 Pa.Super. 460, 393 A.2d 917 (1978). The evidence here was admissible under the "excited utterance" exception to the hearsay rule. *Commonwealth v. Pronkoskie,* 477 Pa. 132, 383 A.2d 858, 860 (1978); *Commonwealth v. Cooley,* 465 Pa. 35, 41–42, 348 A.2d 103, 107 (1975); *Commonwealth v. MacIntosh,* 258 Pa.Super. 101, 392 A.2d 704 (1978). Here, the victim was subjected to the emotional trauma of a forcible rape and was in a hysterical state of mind when, within fifteen to twenty minutes of the rape, she recounted its details to the witnesses in question. Thus, the witnesses'

hearsay repetition of the victim's spontaneous statements were properly admitted into evidence.

Appellant's remaining contentions are without merit. Appellant was not prejudiced by the failure of the trial judge to recuse himself after hearing and denying appellant's pre-trial suppression motion in which appellant took the stand, because the jury selected became the sole triers of appellant's credibility at trial. *See Commonwealth v. Scott*, 469 Pa. 258, 266, 365 A.2d 140, 144 (1976). The court did not err in refusing appellant's request for a waiver trial before another judge without a waiver colloquy because a colloquy is necessary only where the request is to be granted, and it may be denied to prevent judge-shopping. Pa.R.Crim.P. 1101; *Commonwealth v. Garrison*, 242 Pa.Super. 509, 514, 364 A.2d 388, 391 (1976). Nor did the court err in instructing the jury that in assessing appellant's credibility, they could consider that he had "a vital interest in the outcome" of the trial. *Commonwealth v. Matt*, 248 Pa.Super. 538, 375 A.2d 371 (1977).

Judgments of sentence affirmed.