456 A.2d 1326

**COMMONWEALTH of Pennsylvania**

v.

**William SORRELL, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**June O'BRYANT, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Talmadge GARWOOD, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Robert SMITH, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1982.

Decided Dec. 30, 1982.

Reargument Denied March 11, 1983.

356

William Lee Akers, Philadelphia, for Sorrell.

Victor J. DiNubile, Jr., Steve B. Hilkowitz, Philadelphia, for O'Bryant.

Steven Dickstein, Philadelphia, for Garwood.

John W. Packel, Chief, Appeals Div., Elaine DeMasse, Leonard Sosnov, Asst. Public Defenders, Philadelphia, for Smith.

Robert B. Lawler, Chief, Appeals Div., Eric B. Henson, Deputy District Atty., for appellee.

Before O'BRIEN, C.J. and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants were tried and convicted by the Court of Common Pleas of Philadelphia sitting with a jury. Prior to

trial each of the appellants made a request pursuant to Pennsylvania Rule of Criminal Procedure 1101 to waive trial by jury. Under Rule 1101, an accused who elects to forgo his constitutional right to be tried by a jury may be tried by a judge if he obtains the court's approval of a non-jury trial. The requests were opposed by the Commonwealth, which asserted an absolute right to jury trial pursuant to 42 Pa.C.S. § 5104(c). At Nos. 14 and 15 Appeal Docket 1982 (E.D.), in the case of appellants Sorrell and O'Bryant, who were tried together for the robbery of a luncheonette-grocery store, and at No. 16, in the separate case of appellant Garwood, who was tried on a charge of aggravated assault, the court denied the accused's Rule 1101 motion to waive trial by jury on the ground that the Commonwealth's reliance on 42 Pa.C.S. § 5104(c) precluded the court from granting a defense request for a non-jury trial. At No. 17, in the case of appellant Smith, who was tried on a charge of burglary, the court rejected the Commonwealth's assertion that it had an absolute right to a jury trial, but exercising the discretion conferred by Rule 1101, determined that it would be inappropriate to approve a non-jury trial.

Following the imposition of judgments of sentence and the denial of post-verdict motions, appeals were taken to the Superior Court. Because each appellant challenges the constitutionality of 42 Pa.C.S. § 5014(c), an issue addressed but not decided in *Commonwealth v. Wharton,* 495 Pa. 581, 435 A.2d 158 (1981), the Superior Court has certified the common constitutional question to this Court. We remand to the Superior Court for proceedings consistent with this opinion.

In 1968, the Commonwealth of Pennsylvania adopted present Article V of the Pennsylvania Constitution (the Judiciary Article), which provides for a unified judicial system. The Judiciary Article vests in the Supreme Court "general supervisory and administrative authority over all the courts," Pa. Const. art. V, § 10(a), and provides that

"[t]he Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, . . . including the power to provide for

... the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose."

Pa. Const. art. V, § 10(c). The Judiciary Article further provides:

"All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions."

Id.

Pursuant to our supervisory and administrative authority, this Court promulgated Rule of Criminal Procedure 1101 to govern the procedure in criminal cases where the accused elects to be tried without a jury. As initially adopted in 1968, Rule 1101 permitted a trial to proceed without a jury in those cases in which a request for a non-jury trial had the approval of the court and the consent of the prosecutor. These requirements of court approval and prosecutorial consent had also been contained in 19 P.S. § 786, Act of June 11, 1935, P.L. 319, § 1, the statute which governed the waiver of trial by jury prior to the adoption of Rule 1101.

In 1973, following five years of experience with the Rule, this Court amended Rule 1101 to its present form, making it clear that the decision whether to grant a defense request for a non-jury trial must be made solely by the trial court, which is charged with the constitutional responsibility of assuring the fair and orderly administration of justice. Amended Rule 1101 provides:

"Waiver of Jury Trial.

In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing

and intelligent waiver, and such colloquy shall appear on the record...."

While the prosecutor's concurrence in or opposition to a defense request for a non-jury trial is a relevant consideration in determining the mode of trial, amended Rule 1101 does not deem any one fact or circumstance controlling. Rather, the decision whether to permit a non-jury trial is to be made by the court, taking into account all relevant considerations. See, e.g., *Commonwealth v. Pettiford,* 265 Pa.Super. 466, 402 A.2d 532 (1979), *Commonwealth v. Lee,* 262 Pa.Super. 280, 396 A.2d 755 (1978), and *Commonwealth v. Garrison,* 242 Pa.Super. 509, 364 A.2d 388 (1976) (jury trial waivers properly denied where records indicated "judge shopping").

In 1978, five years after the adoption of amended Rule 1101, the Legislature enacted 42 Pa.C.S. § 5104(c), which provides: "In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused." * In applying 42 Pa.C.S. § 5104(c) in the cases of appellants Sorrell, O'Bryant, and Garwood, the court concluded that the Commonwealth's refusal to agree to a non-jury trial barred the court from granting the defendant's Rule 1101 motion to waive trial by jury. Commenting upon the Commonwealth's refusal, the court in the case of appellant Garwood stated:

"Well, it is my view—and I express it openly here—that I think the Commonwealth should go along with the defendant and have the defendant tried as he wishes to be tried, at a bench trial, outside the jury hearing. But if the Commonwealth doesn't want to do it, and it points out in the Statute that it has that right, then two of you have a right. If one of you ask for it, then it is the Court's obligation, short of calling the Act unconstitutional, to grant the right to the Commonwealth that it has at least by law, if not constitutionally."

The manifest conflict between 42 Pa.C.S. § 5104(c) and Rule 1101 makes it clear that the statute and rule cannot

---

* 42 Pa.C.S. § 5104(c) is a codification of the Act of August 7, 1977, P.L. 185, No. 1977–50.

coexist. By conferring upon the prosecution an absolute right to jury trial, 42 Pa.C.S. § 5104(c) precludes the trial court from exercising the discretion conferred by Rule 1101 in assessing whether a non-jury trial should be permitted. Unlike Rule 1101, which provides for an impartial determination and fosters public accountability on the part of the prosecutor by encouraging him to state his position on the record, 42 Pa.C.S. § 5104(c) provides for prosecutorial control of the accused's motion to waive trial by jury without any provision for the prosecutor's accountability through judicial review. Compare *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (trial court must place on record its reasons for imposition of particular sentence).

■ In enacting 42 Pa.C.S. § 5104(c), a statute inconsistent with an existing rule of criminal procedure, the Legislature exceeded its constitutional authority. As Rule 1101 was validly adopted and amended pursuant to this Court's constitutional authority and obligation to promulgate rules of procedure to govern courts throughout the Commonwealth, 42 Pa.C.S. § 5104(c) must be deemed suspended pursuant to Pa. Const. art. V, § 10(c) and declared unconstitutional.

■ The Commonwealth seeks to avoid a declaration of unconstitutionality by contending that the right to trial by jury conferred by 42 Pa.C.S. § 5104(c) is a "substantive right" beyond this Court's power to "abridge, enlarge or modify" by procedural rule. See Pa. Const. art. V, § 10(c). Contrary to the Commonwealth's assertion, the right to trial by jury is not a "substantive right," but a right of procedure through which rights conferred by substantive law are enforced. See *Bloom v. Illinois,* 391 U.S. 194, 208, 88 S.Ct. 1477, 1486, 20 L.Ed.2d 522 (1968); *Duncan v. Louisiana,* 391 U.S. 145, 149 n. 14, 88 S.Ct. 1444, 1448 n. 14, 20 L.Ed.2d 491 (1968); *Adams v. United States ex rel. McCann,* 317 U.S. 269, 280, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942); *Territory of Hawaii v. Mankichi,* 190 U.S. 197, 217, 23 S.Ct. 787, 791, 47 L.Ed. 1016 (1903); *Terry Appeal,* 438 Pa. 339, 265 A.2d 350 (1970), aff'd sub nom. *McKeiver & Terry v. Pennsylvania,*

403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *Commonwealth v. Maxwell*, 271 Pa. 378, 387, 114 A. 825, 828 (1921). See also *Williams v. Florida*, 399 U.S. 78, 112, 90 S.Ct. 1893, 1911–12, 26 L.Ed.2d 446 (1970) (Black, J., joined by Douglas, J., concurring in part and dissenting in part). See generally Thayer, A Preliminary Treatise on Evidence at the Common Law 199 (1898) ("a mode of trial" is "a form of procedure; not law, in our sense of substantive law"); Frankfurter & Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 Harv.L.Rev. 917, 920 (1926) ("[o]ne of the procedural features . . . [of] the administration of the criminal law is . . . trial by jury"); Oppenheim, Waiver of Trial by Jury in Criminal Cases, 25 Mich.L.Rev. 695, 712 (1927) ("trial by jury . . . is a method, a form, a process. It is a part of a criminal trial procedure . . ."). Thus we conclude that 42 Pa.C.S. § 5104(c), which contravenes Pa.R.Crim.P. 1101, is an unconstitutional infringement upon the procedural rule-making authority of this Court conferred by Pa. Const. art. V, § 10.

■ It is clear that the trial court erroneously applied 42 Pa.C.S. § 5104(c) in denying the requests for non-jury trials of appellants Sorrell, O'Bryant, and Garwood. On the other hand, in the case of appellant Smith the trial court properly applied Rule 1101, recognizing that the Rule requires the court to consider all relevant factors in deciding whether to grant an accused's motion to waive trial by jury. Having determined that exposure to the accused's criminal record during pre-trial proceedings would potentially taint the court's impartiality as a finder of fact, the court properly exercised its discretion in denying appellant Smith's request for a non-jury trial in the interest of his obtaining a fair trial.

Records remanded to the Superior Court for proceedings consistent with this opinion.

NIX, J., files a dissenting opinion in which HUTCHINSON, J., joins.

McDERMOTT, J., files a dissenting opinion.

NIX, Justice, dissenting.

I dissent and would hold that the conflict between Pennsylvania Rule of Criminal Procedure 1101 [1] and 42 Pa.C.S.A. § 5104(c) [2] requires the rule be found in violation of the limitation of this Court's constitutionally vested power: "to prescribe general rules governing practice, procedure and the conduct of all courts..." contained in Article 5, § 10, of the Pennsylvania Constitution.

This limitation requires that rules promulgated by this Court must be "consistent with this constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court..." Pa. Const., Art. 5, § 10.

At the time of the adoption of Rule 1101 (January 24, 1968), there was neither a constitutional right nor a statutory right vesting the Commonwealth with the power to demand trial by jury in criminal cases. [3] In the promulgation and in the amendment of this rule, the Court was discharging its responsibility of setting forth the manner in which a party seeking to waive trial by jury should proceed. In deleting the original requirement of the attorney for the Commonwealth's approval in 1973, this Court was not seeking to curtail a right of the Commonwealth but rather was designing a procedure, recognizing that the Commonwealth possessed (at that time) no right in the decision as to whether or not a jury trial should be permitted. By the enactment of § 5104(c) (promulgated in 1976) the Legislature created a substantive right in the

1. Pennsylvania Rule of Criminal Procedure 1101 provides:
   Waiver of Jury Trial.
   In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, such colloquy shall appear on the record....

2. Section 5104(c) provides:
   In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.

Commonwealth to veto the decision to waive trial by jury in criminal matters. Thus, at the time of these two cases, the Commonwealth did have a legislatively conferred substantive right to object to the defendant's decision to be tried without a jury.

The fact that a rule, promulgated prior to the creation of this right did not provide for the exercise of the right, cannot be construed as authority for the abrogation of that right. As stated, the Court rule was never intended to take away a right of the Commonwealth. It also may not be allowed to be used as a vehicle to ignore a subsequently conferred right.

---

[3]The rule as originally drafted required the approval of the attorney for the Commonwealth before a waiver of jury trial could be accepted by the court. That requirement was deleted in the 1973 modification of the rule.

*Commonwealth v. Wharton,* 495 Pa. 581, 603–604, 435 A.2d 158, 169 (1981) (Nix, J., Opinion in Support of Reversal).

Once again, the crux of the instant controversy is framed in terms of whether the right to trial by jury is a "substantive right" or "a right of procedure through which rights conferred by substantive law are enforced." (Maj. Op. ante at 1329). However, it is obvious that the solution to the issue is not provided by a conclusory label that the right to trial by jury is *per se* either "substantive" or "procedural."

The truth of the matter is that the right to trial by jury unlike most other rights is neither purely "procedural" nor purely "substantive," but rather ". . . fall[s] within the uncertain area between substance and procedure, [and is] rationally capable of classification as either." *Hanna v. Plumer,* 380 U.S. 460, 472, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965).

It therefore becomes necessary to look beyond and inquire into the inherent nature of legislative action and its effect on the processes employed by its co-equal branch of government, the judiciary. It is submitted, that when a particular right falls within the "grey zone" between substance and procedure, an explicit affirmative enactment on the subject by the General Assembly of this Commonwealth tips the

balance in favor of finding the right to be substantive.[3] When the General Assembly enacted the statute giving to the Commonwealth the same right to trial by jury as possessed by the accused in a criminal case, it affirmatively created a new right of substance. Section 5104(c) merely created in the Commonwealth a corresponding right possessed by the accused.

Finally, the majority premises its result on the theory that Section 5104(c) provides for prosecutorial control of the accused's motion to waive trial by jury without any provision for the prosecutor's accountability through judicial review. The majority implicitly suggests that the constitutional right of a defendant to trial by jury necessarily includes an absolute right to waive trial by jury. This is obviously a fallacious conclusion and I would hold that the court rule in this. instance must defer to the statutory enactment.

HUTCHINSON, J., joins in this dissenting opinion.

McDERMOTT, Justice, dissenting.

Upon the thinnest semantic ground, in a usurpation of authority, naked of precedent, the majority is diluting the right of the people to trial by jury.

The Court has peremptorily declared unconstitutional an act of the Legislature reaffirming the people's absolute right to trial by jury.[1] One usually expects deference due the constitutionality of legislative enactments. That may be

3. This is not to imply that "... the Legislature could abolish any procedural rule adopted by this Court merely by enacting a contravening statute whose language confers a 'right' upon a litigant." *Commonwealth v. Wharton, supra* 495 Pa. at 585, 435 A.2d at 160. (Roberts, J., joined by Flaherty, J.; in Parts I, II, and V of which O'Brien, C.J., joined, Opinion in Support of Affirmance).

1. As the Legislature did in 1935 by Section 1 of the Act of June 11, 1935, P.L. 319, No. 141, 19 P.S. § 786, wherein a defendant was allowed waiver of jury trial with the consent of the District Attorney. The Act was passed to *allow* a waiver by a defendant reflecting the uncertainty at ancient law whether a waiver by *either* side was possible.

overlooked here in haste to write Pennsylvania into a new phase of concern over the integrity of prosecuting officials.[2]

To indulge its predilection of distrust for prosecuting authorities, the Court is obliged to find that the right of the people to trial by jury is a "procedural" and not a "substantive" right. To do so, it has collated one of the most irrelevant and contradictory catenas of authorities that so important an issue has yet received.[3]

Mr. Justice Roberts has cited no case that says aught but that trial by jury is the fundamental mode of trial under our law. One may describe it as he wishes. Trial by jury is neither procedural nor substantive; it is the apodictic mandate of the constitution. The right to trial by jury is a fundamental, elemental right that has always inhered in the people, as well as the accused. As Chief Justice Warren stated:

**2.** As this Court has stated:

[A] legislative enactment enjoys a presumption in favor of its constitutionality and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. All doubts are to be resolved in favor of a finding of constitutionality. *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 116, 394 A.2d 932, 937 (1978) (citations omitted).

**3.** The catena of cases cited are all addressed to what crimes at common law were treated summarily. Mr. Justice Frankfurter, in his law review article, 39 Harv.L.Rev. 917 (1926), never suggested jury trial is other than a mandated mode of trial and in *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), he held:

We have already held that one charged with a serious federal crime may dispense with his Constitutional right to jury trial, where this action is taken with his express, intelligent consent, *where the Government also consents,* and where such action is approved by the responsible judgment of the trial court.
317 U.S. at 278, 63 S.Ct. at 241 (emphasis supplied).

Professor Thayer, quoted in *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), by Chief Justice Warren said, ". . . [trial by jury] grew first to be regarded as the one regular common-law mode of trial, always to be had when no other was fixed. Thayer, A Preliminary Treatise on Evidence at the Common Law 60 (1898)." 380 U.S. at 28. Professor Oppenheim in his law review article, 25 Mich.L.Rev. 695 (1927), was simply arguing that waiver should be allowed defendants. He does not equate the right to waive to the right to choose another forum.

"Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our tradition, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departure from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

*Singer v. United States,* 380 U.S. 24, 34, 85 S.Ct. 783, 789, 13 L.Ed.2d 630 (1965), *quoting, Patton v. United States,* 281 U.S. 276, 277, 312–313, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1929).

Doubtless saddened by such a burst of authority, the majority ignored, without comment, the careful history and logic of *Singer.* Certainly, they have rejected the holding and the lesson; notwithstanding their enduring respect for Chief Justice Warren, who they have emulated and endeavored to surpass so often. As the Chief Justice said with such precision:

In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bold proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only Constitutional right concerning the method of trial is to an impartial trial by jury. We find no Constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees. The Constitution recognizes an adversary system as the proper method for determining guilt, and

the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result. 380 U.S. at 36, 85 S.Ct. at 790. To avoid such clarity, the majority has retreated to a circumvention.

The contention that the people of Pennsylvania in their Constitution of 1968 yielded their right to trial by jury to the procedural whims of this Court is totally unsupported. In the Constitution of 1968 the people addressed the right of trial by jury in the creation of the Municipal Court for Philadelphia. They specified that the Municipal Court would have jurisdiction in certain specified criminal cases wherein neither the people nor the accused would have trial by jury unless, after conviction, the accused appealed for trial *de novo*. In that special creation they carefully and advisedly yielded their right to trial by jury. They reposed in the Legislature the power to fix the jurisdiction of that court, a jurisdiction the Legislature has exercised from time to time. Nowhere in the document do they yield more, and certainly nowhere do they empower this Court to alter their immemorial and fundamental right to trial by jury, except as they provided. Indeed, with provision that may grow more appealing, they left the very jurisdiction of this Court at the disposal of the Legislature. To say that that power given exclusively to the Legislature is only a procedural device is to say that rain is not water, but rather a form thereof.

The majority, with some piety, believes its rule will provide an "impartial determination and foster public accountability on the part of the prosecutor by encouraging him to state his reasons on the record." Majority Opinion at 1329.

The right of the accused to a jury trial is based among other reasons on his right to be free of the "complaint, biased or eccentric judge". *Duncan v. Louisiana,* 391 U.S. 145, 155, 88 S.Ct. 1444, 1450, 20 L.Ed.2d 491 (1968). We might add, the venal and arrogant judge, as well as other combinations. The majority has put the fox in charge of the chickens by institutionalizing judge-shopping for one of the

litigants. There may be any number of reasons why a prosecutor could not put his reasons upon the record, one of them being to save the face of justice. Whether he can, does or won't, does not deprive anyone of his right to the fundamental fairness of trial by jury. As Chief Justice Warren in *Singer* noted, while affirming that federal prosecutors do not have to state their reasons for refusing consent to waiver: "Nor should we assume that federal prosecutors would demand a jury trial for an ignoble purpose." 380 U.S. at 37, 85 S.Ct. at 791. Nor should we.

Accordingly, I dissent.