460 A.2d 838

**COMMONWEALTH of Pennsylvania**

v.

**Robert SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 1981.

Filed May 20, 1983.

Petition for Allowance of Appeal Denied Aug. 22, 1983.

206

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.

PER CURIAM:

Appellant, Robert Smith, was tried by a jury and found guilty of burglary, criminal trespass, and possession of an instrument of crime. Prior to trial, he attempted to waive trial by jury and requested to be tried by the court. The

Commonwealth requested trial by jury in accordance with the provisions of 42 Pa.C.S. § 5104(c).[1] The trial court denied appellant's request for a trial without jury. A direct appeal to this Court was then taken from the judgment of sentence.

Appellant's sole contention on this appeal is that the trial court erred by denying his motion to waive a trial by jury. He argues first that the court erred in denying the motion solely because the Commonwealth did not consent. He then contends that § 5104(c) is unconstitutional because it infringes upon the procedural rule making power of the Supreme Court, in particular Pennsylvania Rules of Criminal Procedure 1101.[2] Because the appeal presented a constitutional challenge to 42 Pa.C.S. § 5104(c), this Court certified the constitutional issue to the Supreme Court for decision.

On December 30, 1982, in *Commonwealth v. Sorrell, et al.*, 500 Pa. 355, 456 A.2d 1326 (1982), the Supreme Court held the statute unconstitutional. However, the court found that in appellant's case the trial court had properly applied Rule 1101 and properly exercised its discretion thereunder. Therefore, the Supreme Court having decided the sole issue here on appeal, there is nothing remaining for us to address. Accordingly, we must dismiss the appeal

Appeal dismissed.

PRICE, J., did not participate in the consideration or decision of this case.

**1.** This statute provides: "In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused."

**2.** Pa.R.Crim.P. 1101 provides:
"In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. . . ."