467 A.2d 855
**COMMONWEALTH of Pennsylvania**
v.
**John W. BOYD, Jr., Appellant.**
Superior Court of Pennsylvania.
Argued Sept. 10, 1980.
Filed Nov. 4, 1983.

Neil E. Jokelson, Philadelphia, for appellant.

Michele Goldfarb, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and VAN der VOORT, JJ.

WICKERSHAM, Judge:

Early in the morning of June 30, 1977, John W. Boyd, Jr., an off-duty officer of the Philadelphia Police Department,

entered a bar in the city of Philadelphia. There was an altercation between Boyd and another patron of the bar; Boyd shot and wounded the person with whom he had been arguing.

After a jury trial John W. Boyd, Jr. was convicted of recklessly endangering another person[1] and aggravated assault.[2] Post-verdict motions were heard and denied by the Honorable William M. Marutani; the judge sentenced Boyd to five years probation on August 21, 1979. A direct appeal to this court, 298 Pa.Super. 615, 443 A.2d 401, followed and the judgment of sentence was affirmed in a memorandum opinion filed March 26, 1982.

The Pennsylvania Supreme Court granted Boyd's petition for allowance of appeal. On April 4, 1983 the supreme court, 500 Pa. 370, 457 A.2d 858, vacated our order and directed us to consider Boyd's case in light of its decision in *Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326 (1982). Accordingly, we have re-examined Boyd's case with guidance provided by our supreme court.

In *Sorrell, supra,* appellant wished to waive his right to trial by jury. The Commonwealth asserted an absolute right to jury trial pursuant to 42 Pa.C.S. § 5104(c) and, therefore, opposed Sorrell's request. After sentencing, Sorrell appealed to this court and argued that 42 Pa.C.S. § 5104(c) was unconstitutional. The constitutional question was certified to the supreme court.

The supreme court held that Section 5104(c) is unconstitutional. The court reasoned that Pa.R.Crim.P. 1101, promulgated under its constitutional authority to supervise the courts, made it clear that the decision to grant or deny a defense request for a non-jury trial must be made only by the trial court. Therefore, the statute giving the Commonwealth the same right to jury trial as the accused precluded a trial court from exercising the discretion conferred by

1. 18 Pa.C.S. § 2705.

2. 18 Pa.C.S. § 2702.

Pa.R.Crim.P. 1101 in assessing whether a non-jury trial should be allowed. The court concluded that "42 Pa.C.S. § 5104(c), which contravenes Pa.R.Crim.P. 1101, is an unconstitutional infringement upon the procedural rule-making authority of this Court conferred by Pa. Const. art. V, § 10." 500 Pa. at 362, 456 A.2d at 1329.

In this case, Boyd requested a non-jury trial. As Boyd's counsel explained to Judge Marutani, Boyd believed that a jury would be prejudiced against him because the general topic of police brutality was currently of public interest in Philadelphia. The Commonwealth wanted the case tried to a jury. Judge Marutani, following the then applicable statute, stated "I'm going to have to grant the Commonwealth's request for a jury trial." N.T. 4/17/78 at 8. Obviously, Judge Marutani did not feel that he could exercise any discretion in the matter but rather was compelled to honor the Commonwealth's wish for a jury trial.

Yet *Sorrell, supra,* and Rule 1101 do not give a defendant an absolute right to a non-jury trial. As was said in *Commonwealth v. Giaccio,* 311 Pa.Super. 259, 261, 457 A.2d 875, 876–77 (1983):

Instead, in deciding whether to allow a defendant to waive his right to a jury trial, the trial court must "tak[e] into account all relevant considerations." *Commonwealth v. Sorrell, supra,* 500 Pa. 355, at 360, 456 A.2d 1326, 1328.

It is not clear what procedure the trial court should follow, or which considerations it should weigh, in deciding whether to approve a waiver. It *is* clear that under Rule 1101 the defendant must have "the consent of his attorney, if any," and also the "approval" of "a judge of the court in which the case is pending." In addition, *Sorrell* suggests that while the prosecutor's view as to whether the defendant should be permitted to waive his right to a jury trial is "a relevant consideration,", 500 Pa. at 360, 456 A.2d at 1328, "Rule 1101 does not deem any one fact or circumstances controlling," *id.*

It is possible to read the rule as providing that if the judge is satisfied that the defendant's waiver of a jury

trial is "knowing and intelligent" ... then approval should be given. But we are not persuaded that this is the way to read the rule. Instead, we believe that under the rule, even if satisfied that the defendant's waiver is "knowing and intelligent," still the judge has discretion to decide whether to approve the waiver.

In *Commonwealth v. Correa*, 485 Pa. 376, 402 A.2d 1011 (1979), the lower court refused to accept the defendant's waiver of a jury trial. The Supreme Court affirmed.

. . . .

In both *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978), and *Commonwealth v. Garrison*, 242 Pa.Super. 509, 364 A.2d 388 (1976), this court expressly held that under Rule 1101 the lower court has discretion to withhold approval of a defendant's waiver of jury trial. In each case we upheld the refusal to give approval, saying that the defendant was "judge-shopping." In *Garrison* we said:

It is well established that there is no constitutional prohibition to a court's denial in appropriate circumstances, of a defendant's request to be tried by a judge sitting without a jury ....

In the instant circumstances, we find that the lower court committed no abuse of discretion in denying appellant's waiver request since it was apparent that the appellant's only purpose for attempting such waiver was to maneuver for a judge he thought might be more lenient or for other reasons more desirable. The lower court must examine the waiver of jury trial carefully since it constitutes a relinquishment of a significant and fundamental right .... The defendant must demonstrate a knowing, intelligent and understanding waiver before the trial court can agree to permit trial without jury .... In the instant case appellant's expressed reasons for requesting jury trial, and total conduct suggests less than a knowing and intelligent basis for the relinquishment of an important constitu-

tional right. Moreover such attempts to "shop" for a more desirable judge, as are exhibited in the record of this case, are not to be condoned. 242 Pa.Super. at 515, 364 A.2d at 390–91.

We acknowledge that these decisions don't go very far in defining the boundaries of the lower court's discretion when it is asked to approve a defendant's waiver of a jury trial. But in the absence of any provision in Rule 1101 defining these boundaries, we must proceed case-by-case.

Instantly, we are compelled[3] to reverse and remand for a new trial. If appellant on re-trial again states his intention to waive a jury trial, the trial court should proceed, under Rule 1101, to decide whether to approve the waiver. If the court decides to disapprove the waiver, it should state the reasons for its decision, so that on any further appeal we may decide whether it has acted within its discretion. We do not retain jurisdiction.

**3.** We cannot simply remand with instructions to consider whether Boyd's request for a non-jury trial should be granted or denied under Pa.R.Crim.P. 1101. Remand for application of Rule 1101 was suggested to us by the Commonwealth in its application for reargument in *Commonwealth v. Giaccio,* supra, but this proposed remedy was rejected by the full court, which refused reargument. See also *Commonwealth v. Maxwell,* 312 Pa.Super. 557, 459 A.2d 362 (1983) a recent remanding for a new trial, rather than consideration of Rule 1101.