493 A.2d 88

**COMMONWEALTH of Pennsylvania**

v.

**Barry PATTERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1985.

Filed March 29, 1985.

Reargument Denied June 6, 1985.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

Appellant complains that the trial court improperly denied his request for a waiver of a jury trial and erred in not conducting a colloquy of his request, thereby violating Pa.R.Crim.P. 1101. We agree.

Appellant was charged with rape, robbery, burglary and aggravated assault. On October 25, 1982, Appellant requested to waive his right to a trial by jury. The Commonwealth, according to 42 Pa.C.S.A. 5104(c) [1], demanded a jury trial. Appellant's request was denied without a colloquy.

The Pennsylvania Supreme Court, in *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1983), declared 5104(c) unconstitutional and ruled that courts must apply Pa.R. Crim.P. 1101 which states:

Rule 1101 Waiver of Jury Trial

In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record....

The trial court acted on Appellant's request two months prior to the *Sorrell* decision. However, the application of that decision has been made retroactive. This Court, in *Commonwealth v. Maxwell*, 312 Pa.Super. 557, 459 A.2d 362 (1983), remanded for retrial and issued a rule requiring the application of Pa.R.Crim.P. 1101 where the record did not indicate reasons for Maxwell's request to waive his right to be tried by a jury, the Commonwealth's reasons for demanding a jury trial and the trial court colloquy with

1. Section 5104(c) provided:
   In criminal cases, the Commonwealth shall have the same right to trial by jury as does the accused.

Maxwell as required under the rule. *Commonwealth v. Maxwell,* 312 Pa.Superior Ct. at 562, 459 A.2d at 364. Because no colloquy on waiver of jury trial was made part of the record in this case, we must remand for retrial based on *Sorrell. See also, Commonwealth v. Garwood,* 320 Pa.Super. 109, 466 A.2d 1086 (1983). Because we remand on this issue, we find it unnecessary to deal with Appellant's remaining assignments of error.

Judgment of Sentence is reversed and the case is remanded for retrial and proceedings consistent with Pa.R.Crim.P. 1101.

Jurisdiction is relinquished.

JOHNSON, J., concurs with opinion.

JOHNSON, Judge, concurring:

I concur in the result reached by the Court, but wi te separately to clarify why I believe a remand is in order.

As stated by the majority, *Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326 (1983) declared 42 Pa.C.S. § 5104(c) to be unconstitutional, and mandated the application of Pa.R.Crim.P. 1101. In my view, a remand is only necessary when a request for a non-jury trial has been denied solely because the Commonwealth has demanded a jury trial. This appears to be the case as applied to appellant herein. Although there may have been sufficient justification for denying appellant's request for a non-jury trial, the trial judge's inquiry ceased upon the Commonwealth's demand to go before a jury.

I note further that, where it is clear from the record that appellant's request for a non-jury trial is motivated by an obvious attempt to maneuver for another judge who might be more lenient, the trial court's denial will be upheld. *See Commonwealth v. Kellum,* 339 Pa.Super. 513, 489 A.2d 758 (1985).