402 A.2d 1011

COMMONWEALTH of Pennsylvania, Appellee,

v.

Raul CORREA, Appellant.

Supreme Court of Pennsylvania.

Argued April 24, 1979.

Decided July 5, 1979.

Neil E. Jokelson, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Marianne E. Cox, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Raul Correa, is appealing his conviction by a jury of voluntary manslaughter resulting in a sentence of incarceration not less than five nor more than ten years.

Appellant raises the following issues:

(1) the trial court erred by refusing to allow appellant to be tried by a judge;

(2) the trial court erred in denying a motion for mistrial once it was learned that the police misled appellant concerning the existence of certain photographs;

(3) the trial court erred in sustaining an objection which restricted appellant's cross-examination of the police officer concerning the conduct of the victim and persons depicted in the aforementioned pictures;

(4) the trial court erred by charging on the McNaughten Rule;

(5) the district attorney's closing remarks concerning defense tactics were improper;

(6) the district attorney improperly suggested appellant failed to call his brother as a witness; and

(7) the motions court erred in failing to grant a hearing concerning appellant's challenge to the composition of the grand and petit juries.

We have examined the first six issues and find them to be without merit. The seventh issue was not properly preserved in the trial court.

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

Appellant, Raul Correa, was convicted by a jury of voluntary manslaughter stemming from the death of James Rogers on April 24, 1975. The testimony established that James Rogers offered to give appellant a ride from a liquor store in New Jersey to Philadelphia. Appellant ended up going to

the victim's home to drink some beer. When the victim began a homosexual assault upon appellant, appellant beat the victim on the face and head and strangled him.

The majority affirms appellant's conviction in spite of the fact that appellant's request that he be tried by a judge in lieu of a jury was denied without any reasons being given. Before a jury was selected, appellant stated clearly and unequivocally that he wanted to be tried by a judge. The trial judge replied, "I will not accept that." The trial judge gave no reasons for his denial at that time.

Later, in his opinion written after appellant moved for a new trial, the trial judge did state reasons for his denial. None of the reasons given however has ever been recognized as a valid reason for denying appellant a choice given to other defendants. Whether an accused can proceed non-jury should not depend upon the trial judge deciding the request. Appellant was entitled to be tried non-jury.

The judgment of sentence should be reversed and appellant granted a new trial.