451 A.2d 540

**COMMONWEALTH of Pennsylvania**

v.

**Michael FORREST, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1982.

Filed Oct. 8, 1982.

Petition for Allowance of Appeal Denied Jan. 14, 1983.

298

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Kenneth S. Gallant, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Michael Forrest, while awaiting trial on a felony charge, was detained in the sixth floor prison ward of St. Luke's Medical Center in Philadelphia. On January 4, 1980, Forrest climbed through a window and attempted to lower himself to the street below on a chain of bedsheets which had been tied together. He didn't make it. He was charged, tried by jury and convicted of attempted escape. Post verdict motions were dismissed, and Forrest was sentenced to a term of imprisonment. On direct appeal, he contends that the trial court committed error when it (1) denied his request to waive jury trial and be tried without jury, and (2) inadvertently identified for the jury the felony charge on which appellant was being held at the time when he attempted to leave the prison ward of the hospital. We find no merit in these contentions and, accordingly, affirm the judgment of sentence.

Appellant's case had been assigned to the Honorable James T. McDermott for jury trial. When appellant asked if he could be tried without a jury, the trial judge said that he had no prior knowledge of the case and could, therefore, hear it without jury. During a jury waiver colloquy conducted by defense counsel, it was elicited from appellant that he had earlier agreed to enter a plea of guilty to the attempted escape charge. After this information had been imparted to the trial judge, defense counsel asked appellant if he wanted a "fresh judge" to hear the case. Appellant responded in the affirmative. In response to the Commonwealth's plea that the case be heard that same day, Judge McDermott attempted to have the case reassigned to another courtroom for trial without jury. However, no other

300

judge was available to hear the trial. Therefore, in order to avoid potential prejudice because of his knowledge that appellant had intended to plead guilty, Judge McDermott ordered the case to trial before a jury in his courtroom.

Contrary to appellant's assertion, the Commonwealth did not insist upon or argue for a jury trial. Its request to the court was that "it get the case on today one way or the other." [1] Thus, the issue is not whether the Commonwealth has the right to demand a trial by jury. Compare: *Commonwealth v. Wharton,* 495 Pa. 581, 435 A.2d 158 (1981). The issue, rather, is whether the trial judge abused his discretion when he required appellant to proceed before a jury.

Pa.R.Crim.P. 1101 provides in pertinent part, as follows:

> In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury.

This rule vests discretion in the trial judge. *Commonwealth v. Lee,* 262 Pa.Super. 280, 290, 396 A.2d 755, 760 (1978). There is no constitutional reason why a court, under appropriate circumstances, cannot refuse a defense request to be tried without jury. *Commonwealth v. Garrison,* 242 Pa.Super. 509, 514–15, 364 A.2d 388, 390 (1976). Thus, it has been held that a request for a trial without jury may be denied to prevent a "judge shopping" attempt. See: *Commonwealth v. Pettiford,* 265 Pa.Super. 466, 469, 402 A.2d 532–33 (1979); *Commonwealth v. Garrison, supra.*

In the instant case there was no abuse of the trial judge's discretion. Although the trial judge was initially inclined favorably to the request for trial without jury, appellant's counsel then brought to the judge's attention certain information which contained the seeds of a subsequent challenge to the judge's ability to try the case fairly

---

1. Only five days remained of the 180 days allowed for commencement of trial by Pa.R.Crim.P. 1100.

and impartially. See: *Commonwealth v. Badger,* 482 Pa. 240, 393 A.2d 642 (1978). Although we hesitate to accept the Commonwealth's argument and impute "judge shopping" motives to appellant or his counsel, it is certainly correct that the circumstances created by their own conduct were sufficient to justify the trial judge's decision that appellant should be tried before a jury. This is particularly so where, as here, the trial judge attempted to assign the case to another courtroom for trial without jury but could find none available. See and compare: *Commonwealth v. Lee, supra.* Moreover, appellant has failed to suggest, much less demonstrate, any prejudice resulting from the trial judge's decision requiring trial by jury.

■ The crime of escape may be a third degree felony or a second degree misdemeanor, depending upon the circumstances under which it is committed. 18 Pa.C.S. § 5121(d). Appellant was charged with escape, a felony. In order to establish this offense, the Commonwealth was required to prove an escape while appellant was under arrest for or detained on a charge of felony or following conviction of crime. 18 Pa.C.S. § 5121(d)(1)(i). The evidence was that appellant had been detained on a felony charge.

■ During jury instructions, the trial judge inadvertently said that appellant had been detained on robbery charges. When this inadvertence was called to his attention, he instructed the jury that there had been no evidence that appellant had been detained on charges of robbery and that the precise nature of the charge was irrelevant except that the Commonwealth was required to prove that appellant had been detained on a felony charge at the time of his alleged escape. Under these circumstances, the trial judge's inadvertent mis-statement of the evidence was harmless. It did not deprive appellant of a fair trial and does not warrant the granting of a new trial.

The judgment of sentence is affirmed.

POPOVICH, J., dissents.