457 A.2d 875

**COMMONWEALTH of Pennsylvania**

v.

**Jay GIACCIO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Feb. 4, 1983.

Reargument Denied April 18, 1983.

Janet W. Mason, Assistant Public Defender, West Chester, for appellant.

Robert J. Donatoni, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and O'KICKI,* JJ.

SPAETH, Judge:

Appellant was convicted by a jury of recklessly endangering another person and terroristic threats. On appeal he argues that he was unconstitutionally denied the right to waive a trial by jury and to be tried by a judge. The Commonwealth, however, asserts that it has an absolute right to a jury trial on the basis of 42 Pa.C.S. § 5104(c), which provides: "In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused." In *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982), the Supreme Court declared 42 Pa.C.S. § 5104(c) unconstitutional.[1] We therefore reverse and remand for proceedings consistent with that opinion.

Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides:

In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a

---

* President Judge Joseph F. O'Kicki, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

1. We deferred deciding this appeal until the Supreme Court had decided *Sorrell.*

judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form:

IN THE COURT OF COMMON PLEAS OF THE COUNTY OF ...... CRIMINAL ACTION NO. ...... OF ...... 19.... COMMONWEALTH OF PENNSYL-VANIA

v.

_____

WAIVER OF JURY TRIAL

AND NOW, ........, 19...., comes the defendant and pleads not guilty and with the consent of his attorney and the approval of the judge, waives a jury trial and elects to be tried by a judge without a jury.

_____

*Defendant*

_____

*Attorney for Defendant*

_____

*Judge*

Pa.R.Crim.P. 1101.

In *Sorrell,* the Supreme Court ruled that 42 Pa.C.S. § 5104(c) is incompatible with Rule 1101 because by entitling the Commonwealth to a jury trial it precludes the trial court "from exercising the discretion conferred by Rule 1101 in assessing whether a non-jury trial should be permitted." 500 Pa. at 358, 456 A.2d 1326.

Rule 1101 and *Sorrell* do not give appellant an absolute right to a non-jury trial. Instead, in deciding whether to allow a defendant to waive his right to a jury trial, the trial court must "tak[e] into account all relevant considerations." *Commonwealth v. Sorrell, supra,* 500 Pa. at 358, 456 A.2d 1326.

It is not clear what procedure the trial court should follow, or which considerations it should weigh, in deciding whether to approve a waiver. It *is* clear that under Rule 1101 the defendant must have "the consent of his attorney, if any," and also the "approval" of "a judge of the court in which the case is pending." In addition, *Sorrell* suggests that while the prosecutor's view as to whether the defendant should be permitted to waive his right to a jury trial is "a relevant consideration," 500 Pa. at 358, 456 A.2d 1326, "Rule 1101 does not deem any one fact or circumstances controlling," *id.*

■ It is possible to read the rule as providing that if the judge is satisfied that the defendant's waiver of a jury trial is "knowing and intelligent" (what is the difference between these two words? did the draftsmen intend "knowing and voluntary"?), then approval should be given. But we are not persuaded that this is the way to read the rule. Instead, we believe that under the rule, even if satisfied that the defendant's waiver is "knowing and intelligent," still the judge has discretion to decide whether to approve the waiver.

In *Commonwealth v. Correa*, 485 Pa. 376, 402 A.2d 1011 (1979), the lower court refused to accept the defendant's waiver of a jury trial. The Supreme Court affirmed. Dissenting, Justice MANDERINO said that "[n]one of the reasons given [by the lower court] has ever been recognized as a valid reason for denying appellant a choice given to other defendants." *Id.*, 485 Pa. at 378, 402 A.2d at 1012 (MANDERINO, J., dissenting). Neither the majority nor dissenting opinion discusses what were the reasons given by the lower court. The decision is therefore of no assistance in defining what is "a valid reason" for withholding approval of a defendant's waiver of a jury trial. But it seems to assume the existence of some discretion to withhold approval.

In both *Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978), and *Commonwealth v. Garrison*, 242 Pa.Super. 509, 364 A.2d 388 (1976), this court expressly held

that under Rule 1101 the lower court has discretion to withhold approval of a defendant's waiver of jury trial. In each case we upheld the refusal to give approval, saying that the defendant was "judge-shopping." In *Garrison* we said:

It is well established that there is no constitutional prohibition to a court's denial in appropriate circumstances, of a defendant's request to be tried by a judge sitting without a jury....

In the instant circumstances, we find that the lower court committed no abuse of discretion in denying appellant's waiver request since it was apparent that the appellant's only purpose for attempting such waiver was to maneuver for a judge he thought might be more lenient or for other reasons more desirable. The lower court must examine the waiver of jury trial carefully since it constitutes a relinquishment of a significant and fundamental right.... The defendant must demonstrate a knowing, intelligent and understanding waiver before the trial court can agree to permit trial without jury.... In the instant case appellant's expressed reasons for requesting jury trial, and total conduct suggests less than a knowing and intelligent basis for the relinquishment of an important constitutional right. Moreover such attempts to "shop" for a more desirable judge, as are exhibited in the record of this case, are not to be condoned. 242 Pa.Super. at 515, 364 A.2d at 390–91.

We acknowledge that these decisions don't go very far in defining the boundaries of the lower court's discretion when it is asked to approve a defendant's waiver of a jury trial. But in the absence of any provision in Rule 1101 defining these boundaries, we must proceed case-by-case.

■ We therefore reverse and remand for new trial, with instructions to the lower court that if appellant on re-trial again states his intention to waive a jury trial, the court should proceed under Rule 1101 to decide whether to approve the waiver, with the additional instruction that if the court decides to disapprove the waiver, it should state the

reasons for its decision, so that on any further appeal we may decide whether it has acted within its discretion. We do not retain jurisdiction.