459 A.2d 362

COMMONWEALTH of Pennsylvania, Appellant,

v.

John MAXWELL.

COMMONWEALTH of Pennsylvania,

v.

John MAXWELL, Appellant.

Superior Court of Pennsylvania.

Argued May 11, 1982.

Filed March 25, 1983.

Reargument Denied May 25, 1983.

Petition for Allowance of Appeal Denied Nov. 18, 1983.

558

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant in No. 1760 and appellee in No. 1764.

David Hirsh, Dresher, for appellant in No. 1764 and appellee in No. 1760.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

CAVANAUGH, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Philadelphia County. The relevant facts of the instant case are as follows: Maxwell was arrested and charged with two counts of robbery.[1] Prior to the trial, Maxwell filed a motion pursuant to Pennsylvania Rule of Criminal Procedure 1101 to waive a trial by jury. The request was opposed by the Commonwealth which asserted an absolute right to a jury trial pursuant to 42

1. Act of December 6, 1972, P.L. 1482, No. 334, Sec. 1, as amended by the Act of June 24, 1976, P.L. 425 No. 102, Sec. 1; 18 Pa.C.S.A. § 3701.

Pa.C.S.A. § 5104(c). Maxwell's motion was denied. He was subsequently convicted by a jury on both counts of robbery [2] and sentenced to concurrent terms of probation and fined. The Commonwealth then filed a motion to modify sentence, requesting the court to impose a minimum sentence of four years imprisonment upon Maxwell as a repeat offender.[3]

Both the Commonwealth and Maxwell have taken appeals; Maxwell from the order denying his request for a non-jury trial and the Commonwealth from the judgment of sentence. The appeals were consolidated in accordance with Pa.R.A.P. No. 2136.

■ The crucial issue in this appeal is Maxwell's contention that the lower court erred in denying his motion for waiver of a jury trial.[4]

Maxwell claims the issue before the lower court was not simply whether he should be permitted to waive his right to a jury trial under Pa.R.Crim.P. 1101, but rather the Commonwealth's right to a jury trial under 42 Pa.C.S.A. § 5104(c) in consideration of his rights under Rule 1101.

2. Maxwell was initially convicted of conspiracy and two counts of robbery, but the trial court arrested judgment on the charge of conspiracy.

3. The Act of November 26, 1978, P.L. 1316, 319, Section 5(a) (following 42 Pa.C.S.A. §§ 2155 and 9721) states:
    Until sentencing guidelines adopted by the Pennsylvania Commission on Sentencing and relating to the offenses set out in this subsection become effective pursuant to 18 Pa.C.S.A. § 1385 (relating to publication of guidelines for sentencing), when any person is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery, aggravated assault as defined in 18 Pa.C.S.A. § 2702(a)(1) (relating to aggravated assault) involving the use of a firearm, arson or kidnapping, or of attempt to commit any of these crimes, and when that person has been previously convicted in this Commonwealth, or any of the offenses set forth in this section or their equivalent, the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum term of not less than four years imprisonment.
    Maxwell was convicted of robbery on two previous occasions.

4. We decline to reach the other issues presented in this appeal due to our disposition of this matter.

Our review of the record discloses that the conflict raised by Maxwell between the above mentioned rule and statute was directed to the lower court's attention, however, the court did not address this issue. The following excerpt from the notes of testimony is evidence of this point:

[Defense Counsel Co-Defendant No. 1]: There is a separate motion entitled motion for trial by judge alone, which has a memo on it which primarily addresses the initial conflict that exists between Rule 1101 of the Supreme Court Rules of Criminal Procedure which determines the defendant's right to waive a jury trial without any inference to the Commonwealth and Section 5104 of Crimes Code.

[Defense Counsel Co-Defendant No. 2:] The Judiciary Act purports to give the Commonwealth the same right to a jury trial as the defendant possesses. As this case has come to the system, it having been designated as a career criminal procedure, it is accompanied by the Commonwealth's demand for a jury trial and it was scheduled and routed in connection with both of those.

(N.T., 8/25/80 at 89).

The lower court's action in this matter and the recent Pennsylvania Supreme Court decision in *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982) warrants this court's consideration of this issue.

In *Commonwealth v. Sorrell, supra,* the Pennsylvania Supreme Court held that 42 Pa.C.S.A. § 5104(c) is unconstitutional. As Chief Justice Roberts (then Justice Roberts), writing for the majority, explained:

By conferring upon the prosecution an absolute right to jury trial, 42 Pa.C.S.A. § 5104(c) precludes the trial court from exercising the discretion conferred by Rule 1101 in assessing whether a non-jury trial should be permitted. Unlike Rule 1101, which provides for an impartial determination and fosters public accountability on the part of the prosecutor by encouraging him to state his position on the record. 42 Pa.C.S.A. § 5104(c) provides for prose-

cutorial control of the accused's motion to waive trial by jury without any provision for the prosecutor's accountability through judicial review. . . .

In enacting 42 Pa.C.S.A. § 5104(c), a statute inconsistent with an existing rule of criminal procedure, the Legislature exceeded its constitutional authority. As Rule 1101 was validly adopted and amended pursuant to this Court's constitutional authority and obligation to promulgate rules of procedure to govern courts throughout the Commonwealth, 42 Pa.C.S.A. § 5104(c), must be deemed suspended pursuant to Pa. Const.Art. V, 10(c) and declared unconstitutional. (500 Pa. at 361, 456 A.2d at 1328–1329).

Thus the court in *Sorrell* held that 42 Pa.C.S.A. § 5104(c) is not a valid basis for a lower court's denial of a defendant's motion for a non-jury trial. Accordingly we must now direct our attention to Maxwell's argument that the lower court abused its discretion in denying the waiver request in this case.

Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides for a waiver of a jury trial:

In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. *The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record.* The waiver shall be in writing made a part of the record and shall be in the following form: (emphasis added).

The trial court is not constitutionally prohibited from denying a defendant's request to waive a jury trial. *Commonwealth v. Correa,* 485 Pa. 376, 402 A.2d 1011 (1979); *Commonwealth v. Garrison,* 242 Pa.Super. 509, 364 A.2d 388 (1976). However, in analyzing whether to grant such a motion the court must exercise its discretion in determining

whether to approve the waiver. *Commonwealth v. Giaccio*, 311 Pa.Super. 259, 457 A.2d 875 (1983); *Commonwealth v. Garrison*, 242 Pa.Super. at 515, 364 A.2d at 390–391.

■ There are no guidelines contained in Rule 1101 to assist trial courts in exercising their discretionary power when deciding a defendant's motion to waive a jury trial. There is also limited case law in this area; therefore, we must review a trial court's decision in this type on action on a case by case basis. *Commonwealth v. Giaccio, supra.*

In the instant appeal the record does not indicate the reasons for Maxwell's request to waive his right to a jury trial, it does not reflect the Commonwealth's reason for its demand for a jury trial and it is void of any colloquy between the lower court and Maxwell, which is required by Rule 1101.

The following testimony indicates that the lower court's sole justification for denying Maxwell's· request was for means of judicial economy.

The Court: If I were to grant your request, would you ask that I recuse myself?

[Defense Counsel Co-Defendant No. 2]: We would ask that you recuse yourself, sir.

The Court: I guess you all join in that same request?

[Defense Counsel Co-Defendant No. 2]: That is a request.

The Court: If I were to grant the motion to allow them to be tried without a jury, my question is, would you ask me to recuse myself?

[Defense Counsel Co-Defendant No. 2]: Yes, sir. I think, Judge, by the very nature of the circumstances which brought this case before Your Honor, you have been exposed to the fact there are prior—

The Court: You don't have to give me any reason.

[Defense Counsel Co-Defendant No. 2]: Yes, sir, that would be the request.

The Court: And you join in? In other words, you would also ask me to recuse myself?

[Counsel for Defendant-Maxwell]: Yes, sir. I might add, we are joining in this motion orally, sir. There is no written motion.

The Court: I am aware of that. I am allowing you to join in the motion. My question to you is, if I grant the motion, would you ask me to recuse myself?

[Counsel for Defendant-Maxwell]: Yes, sir.

The Court: Now, gentlemen, this case is all ready for trial. The Commonwealth is ready and the defendants are ready. If I were to grant the motion, it would mean sending the case back. This case has been assigned to this courtroom and it is anticipated it will take the greater part of a week. That would mean the courtroom would remain idle. I am not sure another case could be sent here. In view of the fact that if I granted your request to send it back, it would leave the courtroom empty for a whole week. I am going to deny your request.

Any other motions? (N.T., 8/25/80, at 89–91).

While judicial economy is certainly a vital concern of our trial courts, in this instance the court did not have the benefit of the Supreme Court decision in *Sorrell* [5] declaring 42 Pa.C.S.A. § 5104(c) unconstitutional, nor did it examine and weigh Maxwell's reasons for wanting a non-jury trial against the desire to have the designated jury room occupied by a jury trial rather than reassign the case and seek another jury case.

We therefore reverse and remand for a new trial with instructions to the lower court that if Maxwell on re-trial resubmits a motion for waiver of a jury trial the court should proceed in accordance with Rule 1101. Jurisdiction is relinquished.

**5.** We held our disposition in this case pending the Supreme Court decision in *Sorrell.*