465 A.2d 35

**COMMONWEALTH of Pennsylvania**

v.

**James SHERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1981.

Filed Aug. 26, 1983.

Petition for Allowance of Appeal Denied Dec. 27, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and BECK, JJ.

PER CURIAM:

Appellant, James Sherman, was found guilty by a jury of burglary, theft and receiving stolen property. Post-verdict motions were argued and denied, and appellant was sentenced from ten to twenty years incarceration on the burglary conviction; the other crimes merged for sentencing purposes.

Prior to trial, appellant sought to forego his right to a jury trial in favor of a bench trial pursuant to Pa.R.Crim.P. 1101 which provides:

In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form:

IN THE COURT OF COMMON PLEAS OF THE COUNTY OF _____ CRIMINAL ACTION NO ___ OF _____ 19___ COMMONWEALTH OF PENNSYL-VANIA

v.

-----------------------------------------------

WAIVER OF JURY TRIAL

AND NOW, _____, 19___, comes the defendant and pleads not guilty and with the consent of his attorney and the approval of the judge waives a jury trial and elects to be tried by a judge without a jury.

_____
Defendant

_____
Attorney for Defendant

_____
Judge

The Commonwealth objected to this waiver and asserted its right to a jury trial pursuant to 42 Pa.C.S. § 5104(c) which states: "In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused." The lower court denied appellant's Pa.R.Crim.P. 1101 motion for a bench trial and, in doing so, relied upon 42 Pa.C.S. § 5104(c). Appellant questioned on appeal the constitution-

ality of 42 Pa.C.S. § 5104(c), and we certified that issue to the Supreme Court for decision.

The Supreme Court, 500 Pa. 369, 460 A.2d 1074 (1982) remanded this matter to us for proceedings consistent with *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982), in which the same constitutional question was certified by this Court. *Sorrell* held 42 Pa.C.S. § 5104(c) to be unconstitutional:

In enacting 42 Pa.C.S. § 5104(c), a statute inconsistent with an existing rule of criminal procedure, the Legislature exceeded its constitutional authority and obligation to promulgate rules of procedure to govern courts throughout the Commonwealth, 42 Pa.C.S. § 5104(c) must be deemed suspended pursuant to Pa. Const.Art. V. § 10(c) and declared unconstitutional.

*Id.*, 500 Pa. at 361, 456 A.2d at 1329.

The trial court in the instant case treated 42 Pa.C.S. § 5104(c) as reposing in the Commonwealth an absolute right to trial by jury such that assertion of that right by the Commonwealth necessitated denial of appellant's Pa.R. Crim.P. 1101 motion. In other words, absent the Commonwealth's consent, appellant was not allowed to waive his jury trial. The Court stated: "If the Commonwealth allows you to have [a bench trial], you may have it." Notes of Testimony ("N.T.") 12/7/79 at 20. The Court also stated: "[U]nder the present law you cannot have anything other than a jury trial." N.T. 12/7/79 at 17–18. Additionally, the Court noted in its opinion: "[U]nless and until the Supreme Court of Pennsylvania suspends 42 Pa.C.S. § 5104, this Court must enforce the Commonwealth's right to trial by jury." Lower court opinion at 5.[1]

1. While the trial judge did note that he would not wish to hear the case non-jury because of his awareness of appellant's prior record, N.T. 12/7/79 at 20, we find from the above-cited clear manifestations of his intent, that the trial judge predicated his denial of appellant's motion for a waiver of jury trial upon 42 Pa.C.S. § 5104(c). Under *Sorrell*, that reliance upon Section 5104(c) constituted error, and we therefore reverse and remand for a new trial.

444

This Court has previously remanded in light of *Sorrell*. *Commonwealth v. Maxwell,* 312 Pa.Super. 557, 459 A.2d 362 (reargument denied May 25, 1983); *Commonwealth v. Giaccio,* 311 Pa.Super. 259, 457 A.2d 875 (1983) (reargument denied April 18, 1983). Citing *Commonwealth v. Lee,* 262 Pa.Super. 280, 396 A.2d 755 (1978) and *Commonwealth v. Garrison,* 242 Pa.Super. 509, 364 A.2d 388 (1976), *Giaccio* noted that Pa.R.Crim.P. 1101 does not require the lower court to accept a defendant's waiver of his right to a jury trial. That decision is within the sound discretion of the lower court. In *Giaccio,* we stated:

> We acknowledge that [*Lee* and *Garrison*] don't go very far in defining the boundaries of the lower court's discretion when it is asked to approve a defendant's waiver of a jury trial.[2] But in the absence of any provision in Rule 1101 defining these boundaries, we must proceed case-by-case.
>
> We therefore reverse and remand for new trial, with instructions to the lower court that if appellant on re-trial again states his intention to waive a jury trial, the court should proceed under Rule 1101 to decide whether to approve the waiver, with the additional instruction that if the court decides to disapprove the waiver, it should state the reasons for its decision, so that on any further appeal we may decide whether it has acted within its discretion.

*Id.,* 311 Pa.Super. at 263–64, 457 A.2d at 877.

We reverse judgment of sentence and remand for proceedings consistent with this opinion. Jurisdiction is relinquished.[3]

**2.** We noted in *Giaccio:* "In [*Lee* and *Garrison*] we upheld the refusal to give approval, saying that the defendant was 'judge-shopping.'" *Id.,* 311 Pa.Superior Ct. at 263, 457 A.2d at 876.

**3.** In light of our disposition, we need not address appellant's other claims that evidence of other criminal activity was improperly admitted at trial and that evidence resulting from the allegedly illegal arrest should have been suppressed as should have allegedly illegal pre-trial identifications.