466 A.2d 1086

**COMMONWEALTH of Pennsylvania**

v.

**Talmadge GARWOOD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Oct. 14, 1983.

Petition for Allowance of Appeal Denied Dec. 27, 1983.

Steven Dickstein, Philadelphia, for appellant.

Gaele McGlaughlin Barthold, Assistant District Attorney, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

WIEAND, Judge:

Talmadge Garwood was tried by jury and found guilty of two counts of aggravated assault[1] and one count of possessing an instrument of crime[2] in connection with a double shooting in Philadelphia. Prior to trial Garwood attempted to waive trial by jury in order to be tried by the court sitting without a jury. The Commonwealth opposed a bench trial and asserted a right to demand trial by jury in accordance with the provisions of 42 Pa.C.S. § 5104(c).[3] The trial court denied appellant's request for a trial without jury because of the Commonwealth's demand for a jury trial under the statutory guarantee aforesaid. An appeal

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 907.

3. This statute provided: "In criminal cases the Commonwealth shall have the same right to trial by jury as does the accused."

was taken to this Court from the judgment of sentence.[4] The sole argument advanced on appeal was that the statutory provision giving the Commonwealth the right to demand a jury trial conflicted with Pa.R.Crim.P. 1101[5] and was invalid because it infringed upon the procedural rule making power of the Supreme Court. Because the appeal presented a constitutional challenge to 42 Pa.C.S. § 5104(c), this Court certified the constitutional issue to the Supreme Court for decision.

On December 30, 1982, in *Commonwealth v. Sorrell, et al.,* 500 Pa. 355, 456 A.2d 1326 (1982), the Supreme Court held that the statute was unconstitutional and that the trial court's reliance thereon to deny appellant's request for a nonjury trial had been erroneous. The record was remanded to the Superior Court for further proceedings. Inasmuch as the only issue in the instant appeal was that decided by the Supreme Court, we are required to reverse the judgment of sentence and remand for a new trial. This is the same relief which has been granted in other cases where appeals were pending in which the trial court relied upon 42 Pa.C.S. § 5104(c) to deny a defense request for trial without jury. See: *Commonwealth v. Sherman,* 318 Pa. Super. 440, 465 A.2d 35 (1983); *Commonwealth v. Maxwell,* 312 Pa.Super. 557, 459 A.2d 362 (1983); *Commonwealth v. Giaccio,* 311 Pa.Super. 259, 457 A.2d 875 (1983).

Because the caption on appellant's notice of appeal contains errors and has included cases to which the Supreme Court decision in *Commonwealth v. Sorrell, supra,* can

4. Garwood failed to file a timely appeal from the judgment of sentence but later filed a pro se petition for relief under the Post Conviction Hearing Act, 42 Pa.C.S. §§ 9541–9551. Counsel was appointed, an amended petition was filed, and, following hearing, the P.C.H.A. court granted permission to Garwood to file an appeal nunc pro tunc.

5. Pa.R.Crim.P. 1101 provides:
"In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury...."

have no application, we must define the scope of the new trial which is being granted.

Appellant concedes that he is not entitled in this appeal to a new trial in cases numbered 1155 and 1157 June Term, 1977 in the Court of Common Pleas of Philadelphia. The judgment of sentence in those cases was entered following pleas of guilty to offenses arising out of a separate stabbing incident,[6] and the numbers of those cases were erroneously included in the notice of appeal.

The notice of appeal contains also a reference to No. 907 July Term, 1977. This, too, is erroneous, for those proceedings, as appellant concedes, are not involved in any way in the instant appeal.

Relief in the form of a new trial must be limited to charges of aggravated assault arising from the shootings of Walter Wallace and Gregory DuPont. These are the charges filed to Nos. 861 July Term, 1977 and 1505 May Term, 1977, in which the trial court denied Garwood's request for trial without jury.

■ It is also necessary to make reference to the judgment of sentence imposed at No. 862 July Term, 1977, where the information charged and appellant was convicted of possessing an instrument of crime. This case, although tried with No. 1505 May Term, 1977 and No. 861 July Term, 1977, was not included in the notice of appeal.[7] If this was an inadvertent error, it has never been corrected by amendment. Because no appeal has been filed from the judgment of sentence imposed in No. 862 July Term, 1977, this Court has no jurisdiction to award a new trial with respect thereto. See: *Commonwealth v. Keys*, 313 Pa.Super. 410, 413–15, 460 A.2d 253, 254–255 (1983); *Commonwealth v. Dozier*, 294 Pa.Super. 249, 252 n. 1, 439 A.2d 1185, 1186–1187 n.

6. The charge at No. 1156 June Term, 1977 was nol prossed following entry of pleas of guilty in Nos. 1155 and 1157 June Term, 1977.

7. It may be observed also that the trial court's order allowing an appeal nunc pro tunc included No. 862 July Term, 1977.

1 (1982); *Commonwealth v. Hill,* 267 Pa.Super. 140, 142 n. 1, 406 A.2d 558, 559 n. 1 (1979).

The judgments of sentence at No. 1505 May Term, 1977 and No. 861 July Term, 1977 are reversed, and in those cases a new trial is ordered.