489 A.2d 758

**COMMONWEALTH of Pennsylvania**

v.

**Henry KELLUM, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 1984.

Filed Feb. 6, 1985.

Reargument Denied April 11, 1985.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, BECK and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from judgment of sentence which was imposed pursuant to Henry Kellum's conviction following a jury trial for robbery and related charges. They arose from appellant's purse-snatch assault of an elderly woman in an attempt to rob her. On March 22, 1983, following the denial of post-verdict motions, appellant was sentenced to a prison term of three and one-half to seven years. This appeal followed.

Appellant has an extensive criminal history; he was placed by the District Attorney's Office of Philadelphia, therefore, into the Career Criminal Program. One assistant district attorney and three particular judges are responsible for cases which are placed in this program. *See Commonwealth v. Hailey*, 332 Pa.Superior Ct. 167, 480 A.2d 1240 (1984). (Appellant's challenges to the Career Criminal Program, on grounds that it denies an accused his "right" to a non-jury trial because the trial judge knows the accused has prior convictions, found to be meritless.) In the instant case, appellant presented certain pre-trial motions on the day scheduled for the commencement of his jury trial. First, he challenged his inclusion in the Career Criminal Program on grounds that he was being tried for a felony of the third degree, which he argued, did not qualify him for the Program. (Appellant does not argue this on appeal.)

The trial court denied his challenge. Then, immediately thereafter, counsel requested a non-jury trial. Despite case law to the contrary,[1] it appears from the record that the trial judge, the defense attorney, and the assistant district attorney all considered appellant's request for a non-jury trial as tantamount to a request to transfer the case out of the Program to a judge who was unaware of appellant's criminal history. In effect, it was another way of attempting to secure the result which was denied by the court's ruling on appellant's first pre-trial motion. The court denied appellant's motion for a non-jury trial. Appellant proceeded to a jury trial that same day.

On appeal, appellant contends that he should be granted a new trial because the trial court abused its discretion and violated Pa.R.Crim.P. 1101.[2] He alleges that the court's denial of his request for a non-jury trial was based entirely on a concern for judicial economy, was made without an appropriate colloquy, and without proper consideration of his reasons for his request.

Appellant relies on *Commonwealth v. Maxwell*, 312 Pa. Superior Ct. 557, 459 A.2d 362 (1983) in which this court granted appellant a new trial when the trial court, apparently for reasons of judicial economy, refused appellant's motion for a non-jury trial. We said that while the trial court is not constitutionally prohibited from denying a defendant's request to waive a jury trial, *Commonwealth v. Correa*, 485 Pa. 376, 402 A.2d 1011 (1979), that, in the absence of guidelines to assist trial courts in exercising their discretionary power, we must review such a decision

1. Cf. *Commonwealth v. Edney*, 318 Pa.Superior Ct. 362, 464 A.2d 1386 (1983) (fact that the trial judge is aware of an accused's prior convictions does not automatically require that judge's recusal).

2. **Rule 1101. Waiver of Jury Trial**

   In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form....

of the trial court on a case by case basis. *Commonwealth v. Giaccio*, 311 Pa.Superior Ct. 259, 457 A.2d 875 (1983) in *Maxwell, supra,* 312 Pa.Superior Ct. at 561, 459 A.2d at 364.

Central to this court's analysis in *Maxwell* was the fact that the record did not indicate the reasons for Maxwell's request to waive his right to a jury trial, it did not reflect the Commonwealth's reasons for wanting a jury trial, nor did a colloquy appear of record as required by Pa.R.Crim.P. 1101.

This case is distinguishable from *Maxwell* in a very significant respect. All parties virtually agree that appellant's request to proceed with a non-jury trial was an alternate way of attempting to be transferred out of the Career Criminal Program and to a judge other than the one assigned. As appellant states in his brief,

"[a]lthough appellant in his argument to the trial court did not use the word 'recusal', his intent that Judge McCrudden should not hear the matter as a bench trial is clearly implied by appellant's position that his case had been wrongfully assigned to Judge McCrudden's calendar as a 'career criminal' matter and should be removed."

And, during the pre-trial proceedings, immediately after the court denied appellant's challenge to the Career Criminal Program, this exchange occurred.

THE COURT: What is your position, your client wants a trial by non-jury?

MR. GLOVIN (defense counsel): Yes.

MR. DAVIS (assistant district attorney): He wants to waive?

MR. GLOVIN: (defense counsel): Yes.

THE COURT: He can't waive in front of me.

MR. GLOVIN: (defense counsel): That's right.

Thus, while in *Maxwell, supra,* appellant's reasons for requesting a non-jury trial were not apparent from the record, in the instant case, appellant's reason was clear. He did not wish to be included in the Career Criminal Program.

■ Our inquiry then becomes whether the trial court abused its discretion in denying appellant's motion. We agree with the Commonwealth's characterization of appellant's efforts to have his case transferred out of the Career Criminal Program as an example of "judge-shopping." And it is this practice which has been held to be a valid reason for a trial court's refusal to grant a defendant a non-jury trial. *Commonwealth v. Lee*, 262 Pa.Superior Ct. 280, 396 A.2d 755 (1978). In *Commonwealth v. Garrison*, 242 Pa. Superior Ct. 509, 364 A.2d 388 (1976), this court said,

> "[i]n the instant circumstances, we find that the lower court committed no abuse of discretion in denying appellant's waiver request since it was apparent that the appellant's only purpose for attempting such waiver was to maneuver for a judge he thought might be more lenient or for other reasons more desirable." *Id.*, 242 Pa.Superior Ct. at 515, 364 A.2d at 390.

It is apparent from the record below that this was also appellant's reason for requesting such a waiver. Nor do we feel that a colloquy was necessary to discern this. Therefore, we hold that in this case, where appellant's reason for requesting a non-jury trial was to attempt to avoid prosecution under the Career Criminal Program, such an attempt constituted "judge-shopping," and the trial court did not abuse its discretion in denying appellant's request.[3]

Appellant's second claim of error involves his participation in jury selection while dressed in prison garb. The

3. Recently, in *Commonwealth v. Simmons*, 335 Pa.Superior Ct. 57, 483 A.2d 953 (1984), our court, through Spaeth, P.J., granted a new trial to a defendant, assigned to the same Career Criminal Program, who asked the trial judge to recuse himself from his non-jury trial. However, in that case, the defendant had first pleaded guilty, although midway through the guilty plea colloquy, he decided against pleading guilty. *Simmons* was decided on the impropriety of a judge presiding in a non-jury trial after having heard guilty plea proceedings, in spite of the unavailability of another judge in the Career Criminal Program.

> "Appellant's right to be tried before an impartial judge should not have been subordinated to the administrative matter of the availability of another judge assigned to a particular program." 335 Pa.Superior Ct. at p. 62, 483 A.2d at p. 955.

suppression hearing was begun on Thursday, September 18, 1982. At that time, as appellant was wearing prison clothes, the court inquired as to what arrangements were being made to have appellant dressed in civilian clothing when the jury selection began the following day. Defense counsel informed the court that arrangements were being made to make sure that appellant would be dressed properly.

Then, the next morning appellant again appeared in prison clothing.[4] Counsel for appellant explained that appellant's mother was unable to deliver his clothes until Monday. The court and counsel for appellant then hurriedly attempted to provide other clothing for appellant so that he would not be in prison clothing during the selection of the jury. Appellant tried on a zipper-type golf jacket and a pair of pants, which his attorney rejected as inappropriate. The court allowed a short recess so that counsel could obtain clothing. However, appellant refused to wear any of it claiming the clothes were too big and that they were wrinkled.

For jury selection, then, appellant wore the blue denim prison garb rather than the clothing that had been provided. The issue for our disposition is whether the court abused its discretion in denying appellant's motion for a continuance so that he could obtain suitable clothing.

■ Our consideration falls within the context of a defendant's right to a fair trial. In *Commonwealth v. Keller*, 216 Pa.Superior Ct. 193, 264 A.2d 407 (1970), the appellant

What this court found offensive in *Simmons* was the trial judge's knowledge of the defendant's initial admission of guilt, not the defendant's criminal history which qualified him for the Career Criminal Program. It is the judge's awareness of appellant's criminal history which is being assailed as grounds for recusal in the instant case. Thus, *Commonwealth v. Simmons,* is distinguishable.

4. The assistant district attorney described appellant's appearance on the record, with the approval of defense counsel.
"... [w]hat he is wearing is a pair of navy blue pants, slightly wrinkled in itself, and he is wearing a denim jacket right now with a zippered front. He is also wearing a white tee shirt."
Defense counsel added that it was prison issued clothing.

was unexpectedly brought to trial before arrangements had been made to secure civilian clothing. Counsel requested a continuance which the trial court denied and, as in this case, appellant sat through jury selection in prison garb. This court ordered a new trial. As Judge Hoffman explained,

> Under our system of criminal justice, defendants are presumed innocent until proven guilty. The burden is on the state to bring forth evidence to overcome that presumption and to prove defendant guilty beyond a reasonable doubt. Such evidence, however, must be competent and probative. It cannot rely for its value upon prejudice and fear. It cannot insinuate without rationale. *See, e.g., Commonwealth v. Trowery,* 211 Pa.Superior Ct. 171, 235 A.2d 171 (1967); *Commonwealth v. Bruno,* 215 Pa. Superior Ct. 407, 258 A.2d 666 (1969).

> A defendant in prison garb gives the appearance of one whom the state regards as deserving to be so attired. It brands him as convicted in the state's eyes. It insinuates that the defendant has been arrested not only on the charge being tried but also on other charges for which he is being incarcerated.

*Id.,* 216 Pa.Superior Ct. at 195–6, 264 A.2d at 409. It appears, then, that allowing a defendant to appear before a jury panel in prison garb constitutes error warranting a new trial. *But see, Commonwealth v. Neal,* 258 Pa.Superior Ct. 375, 392 A.2d 841 (1978) (affirmed by equally divided court, *Commonwealth v. Neal,* 493 Pa. 335, 426 A.2d 576 [1981].) (In a non-jury trial, defendant's being clothed in prison garb not fatal, since not likely to impair objectivity of trial judge.)

■ However, we must next decide whether allowing appellant to appear so is able to withstand a harmless error analysis. Error can be harmless only if the Commonwealth proves beyond a reasonable doubt that the error is harmless. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

An error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a "reasonable

possibility" that an error "might have contributed to the conviction," the error is not harmless. *Commonwealth v. Davis*, 452 Pa. [171] at 178, 305 A.2d [715] at 719, quoting *Chapman v. California*, 386 U.S. [18] at 24, 87 S.Ct. [824] at 828 [17 L.Ed.2d 705] (1967).

*Id.*, 476 Pa. at 409, 383 A.2d at 164.[5]

[4, 5] Our review of the record convinces us that there is no reasonable possibility that the appellant's appearance in prison garb during jury selection contributed to his conviction. Three eyewitnesses described appellant as the perpetrator of the attempted purse-snatching. Appellant assumed the stand in his own defense and testified to the jury that his role in the incidents was as a rescuer; that is, that a youth had actually attempted to take the victim's purse and that he only intervened to help the victim, while the attacker fled. Appellant claimed to be wrongly accused.

And they said I threatened her, put me back in the wagon, and took me off to the police station, and they have ever since. (sic) I have been locked up ever since then. That is how it happened.

Out of appellant's own mouth came an explanation for the jurors who may have questioned appellant's appearance in prison clothing. Given this remark, we cannot say that appellant's apparel gave rise to a causative inference of his imprisonment or of other crimes, as commented on in *Commonwealth v. Keeler, supra*. Nor could the jury reasonably be said to have been so affected by appellant's appearance as a prisoner during jury selection when appellant himself complained of that fact in his defense.

When appellant's remark is considered with the overwhelming evidence against him, it must be concluded that appellant's prison clothing amounted to no more than harmless error.

Therefore, judgment of sentence affirmed.

CIRILLO, J., files a concurring opinion.

5. In *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 128 (1976), the United States Supreme Court noted with approval the applicability of harmless error analysis to the prison garb situation.

CIRILLO, Judge, concurring:

I concur in the majority's disposition of this matter. I write separately because I feel compelled to expand upon the rationale underlying our decision, and to state my distaste for the tactic employed by defense counsel in this case.

It is beyond question that "there is no constitutional prohibition to a court's denial in appropriate circumstances, of a defendant's request to be tried by a judge sitting without a jury." *Commonwealth v. Garrison*, 242 Pa.Super. 509, 514–15, 363 A.2d 388, 390 (1976) (allocatur denied). *See also Commonwealth v. Hailey*, 332 Pa.Super. 167, 480 A.2d 1240 (1984) (no absolute right to a bench trial); *Commonwealth v. Edney*, 318 Pa.Super. 362, 464 A.2d 1386 (1983) (same); *Commonwealth v. Maxwell*, 312 Pa.Super. 557, 459 A.2d 362 (1983) (court not constitutionally prohibited from denying request to waive jury trial); *Commonwealth v. Giaccio*, 311 Pa.Super. 259, 457 A.2d 875 (1983) (no absolute right to non-jury trial); *Commonwealth v. Forrest*, 305 Pa.Super. 297, 451 A.2d 540 (1982) (no constitutional reason why a court cannot refuse waiver). The decision to grant a waiver of a jury trial is one committed to the sound discretion of the trial court. *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982); *Commonwealth v. Maxwell, supra; Commonwealth v. Giaccio, supra; Commonwealth v. Forrest, supra; Commonwealth v. Lee*, 262 Pa.Super. 280, 396 A.2d 755 (1978).

The fact that a waiver is found to be "knowing and intelligent" does not mandate the court's approval of a defense request to be tried without a jury; "[i]nstead, ... even if satisfied that the defendant's waiver is 'knowing and intelligent,' ... the judge has discretion to decide whether to approve the waiver." *Commonwealth v. Giaccio, supra*, 311 Pa.Superior Ct. at 262, 457 A.2d at 876. *See, e.g., Commonwealth v. Smith*, 500 Pa. 355, 456 A.2d 1326 (1982) (court may properly deny waiver where judge was exposed to accused's criminal record during pre-trial proceeding); *Commonwealth v. Garrison*, 242 Pa.Super. 509, 364 A.2d 388 (1976) (court may properly deny waiver

when accused's only purpose was to maneuver for a more desirable judge).

In the case at bar, appellant's action was nothing more than a *blatant* attempt to judge-shop. Even had the learned trial judge held a waiver colloquy, I have no doubt that he would have denied appellant's request. Where the motivations for an accused's waiver request are as clear as appellant's, a colloquy is not necessary.

I must also note my distaste for defense counsel's tactics regarding appellant's placement in the Career Criminal Program. Appellant's extensive prior record certainly warranted his inclusion in the Program. Counsel's attempt to sidestep the inevitable was at most a waste of valuable judicial assets.