J-S04045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY V. VASQUEZ-BONILLA, | : | |
| | : | |
| Appellant | : | No. 548 EDA 2016 |

Appeal from the Judgment of Sentence January 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014463-2009,
MC-51-CR-0024553-2009

BEFORE:  SHOGAN, OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 31, 2017**

Randy V. Vasquez Bonilla ("Appellant") appeals from the judgment of

sentence entered in the Court of Common Pleas of Philadelphia County

following revocation of his probation.  We vacate judgment of sentence and

remand for resentencing.

The trial court aptly summarizes the pertinent factual and procedural

history to this case as follows:

> On or about May 30, 2009, [Appellant] was charged with
> Conspiracy under 18 Pa.C.S. § 903 and Possession with Intent to
> Distribute under 35 P.S. § 780-113(a)(30).  On June 6, 2010,
> Appellant pled guilty before this Court to both charges and was
> sentenced to two years Intermediate Punishment, followed by
> two years of probation.  On or about December 7, 2012, while
> on [the trial] court's probation, Appellant was charged with

---

[*] Former Justice specially assigned to the Superior Court.

Criminal Attempt – Murder under 18 Pa.C.S. § 901. The victim in this case was left in critical condition resulting from 40 stab wounds and six slashes across his throat. Appellant and the victim were drinking together at a local bar prior to the attack. [At] [s]ome point later that evening Appellant accompanied the victim back to the victim's apartment where the attack took place. Appellant then robbed the victim of $2,000 and stole his vehicle which was later recovered three blocks away from th apartment. The vehicle had been set ablaze in an attempt to cover up evidence. Appellant pled guilty to Criminal Attempt on January 9, 2014, and was sentenced to 10 to 20 years of confinement plus five years of probation. As a result[, the trial court] found Appellant in direct violation of its probation . . . and, on January 14, 2016, sentenced him to a term of 20 to 40 years, to be served consecutively to his sentence for Criminal Attempt.

Trial Court Opinion, filed June 29, 2016, at 1-2.[1]

Appellant, represented by counsel at his revocation sentencing hearing, offered no oral objection to the court's imposition of sentence but filed a post-sentence motion asserting baldly that "[t]he sentence imposed was the maximum allowed by law and is above the aggravated range of the

---

[1] The aggregate revocation sentence of incarceration was 30 to 60 years, which comprised two 10 to 20 year sentences for PWID and Conspiracy convictions docketed under CP-51-CR-0014463-2009 and one 10 to 20 year sentence for a PWID conviction docketed under CP-51-CR-0012266-2009. **See** VOP Hearing, 1/14/16 at 29. It appears that the trial court alludes exclusively to the sentences at CP-51-CR-0014463-2009 because Appellant limited his post-sentence motion and notice of appeal to the sentences under this bill number, alone. As the record reveals that only two of Appellant's three judgments of sentence were appealed, we lack jurisdiction to review the revocation sentence imposed at CP-51-CR-0012266-2009. **See Commonwealth v. Hardy**, 99 A.3d 577, 579 (Pa.Super. 2014) (holding where bill of information not included in notice of appeal, no appeal was filed from judgment of sentence at that number, depriving court of jurisdiction to grant relief at that number); **see also Commonwealth v. Garwood**, 466 A.2d 1086, 1087 (Pa.Super. 1983)).

Sentencing Guidelines and extremely excessive." *See* Appellant's "Motion to Reconsider VOP Sentence," filed 1/21/16. On January 27, 2016, the trial court entered an order denying Appellant's motion without a hearing.

On February 3, 2016, the trial court granted counsel's motion to withdraw and appointed present counsel to represent Appellant *in Forma Pauperis*. This timely appeal followed.

Appellant presents the following question for our review:

WHETHER THE VIOLATION OF PROBATION (VOP) COURT'S SENTENCE OF TWENTY (20) TO FORTY (40) YEARS INCARCERATION CONSECUTIVE TO AN UNRELATED SENTENCE VIOLATED Pa.R.Crim.P. § 702 and Pa.C.S. § 9721(b), CONSTITUTING AN ABUSE OF DISCRETION?

Appellant's brief at 3.

"Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." ***Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa. Super. 2010) (citing ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006)). ***See also Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa.Super. 2013) (*en banc*) (holding our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges.").

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. McNeal*, 120 A.3d 313, 322 (Pa.Super. 2015) (citations and internal quotation marks omitted). "An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa.Super. 2014).

In Appellant's counseled brief, he argues that the trial court abused its discretion in imposing an aggregate sentence of 20 to 40 years' incarceration, consecutive to his 10 to 20 year sentence for attempted murder, without considering the particular circumstances of the offense and Appellant's character as required under 42 Pa.C.S. § 9721(b). *See* Appellant's brief at 6. As Appellant's issue challenges the discretionary aspects of his sentence, there is no impediment to our review. "The right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M. Jr.*, 932 A.2d 155, 163 (Pa.Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006)).

Here, Appellant filed a timely post-sentence motion and notice of appeal. He also filed a brief containing a proper Pa.R.A.P. 2119(f) statement of the reasons relied upon for appealing the discretionary aspects of his sentence. However, the specific claims raised in his Rule 2119(f) statement are unpreserved for our review, as they differ from the bald allegations raised in his post-sentence motion.[2]

Specifically, Appellant's Rule 2119(f) statement contends that the court failed to consider "the particular circumstances of the offense and the character of the defendant" pursuant to 42 Pa.C.S. § 9721(b). ***See*** Appellant's brief at 5. He elaborates on these themes on the next page of his brief, which we elect to construe as an extension of his Rule 2119(f) statement.[3] Prior counsel, however, raised none of these issues in

---

[2] Appellant raised no sentencing issues at his sentencing hearing.

[3] On page 6 of Appellant's brief, under the heading "Argument on the Merits," Appellant argues:

*(Footnote Continued Next Page)*

- 5 -

Appellant's post-sentence motion. Therefore, Appellant has failed to preserve any of the specific discretionary aspects of sentencing claims contained in his brief to this Court. *See Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003) (stating issues that challenge discretionary aspects of sentencing are generally waived if they are not raised during sentencing proceedings or in post-sentence motion); *Accord Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012). *See also Commonwealth v. Reeves*, 778 A.2d 691, 692-93 (Pa.Super. 2001) (finding waiver where appellant "did not give the sentencing judge an opportunity to reconsider or modify sentence" on any of the bases that Appellant currently argues on appeal); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").[4]

_____
*(Footnote Continued)*

> In Appellant's case the court focused on the actions in the unrelated prior convictions, and neglected to take into [sic] the other factors in § 9721(b). The sentencing court did not take into consideration Appellant's background, remorse, explanation of the direct violation, and whether Appellant could be rehabilitated and imposed the maximum sentence allowed by statute on the violation of probation. Thus, the sentence imposed was unreasonable and excessive and as such should be vacated."

Appellant's brief at 6.

[4] Correspondingly, Appellant's post-sentence issues that his sentences represented the maximum prescribed under the law, failed to conform to sentencing guidelines, and were "exceedingly excessive" have been

*(Footnote Continued Next Page)*

Finally, we address the Commonwealth's stated position that the trial court imposed an illegal revocation sentence to the extent it applied the recidivist statute at 35 P.S. § 780-115,[5] which doubles the statutory maximum penalty for PWID upon proof of a prior conviction for a similar offense, to Appellant's revocation sentence for Conspiracy to commit PWID. Indeed, this Court has held that the sentencing enhancement at Section 780-115 does not apply to a conviction for conspiracy to commit PWID. **See Commonwealth v. Young**, 922 A.2d 913, 918 (Pa.Super. 2007) (holding restrictive language in statute specifically empowers court to double sentence for subsequent drug conviction; enhancement not applicable to conspiracy conviction attending subsequent drug conviction).

*(Footnote Continued)* ─────────

abandoned in the present appeal. Even if Appellant had presented them herein, this Court has declined to discern a substantial question from either a claim that a revocation sentence deviated from sentencing guidelines, **see Commonwealth v. Williams**, 69 A.3d 735, 741 (Pa.Super. 2013) (holding sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations), or a bald claim that a sentence within statutory limits is excessive. **See Commonwealth v. Trippett**, 932 A.2d 188, 201-03 (Pa.Super. 2007) (holding bald allegations of excessiveness insufficient to permit discretionary review).

[5] 35 P.S. § 780-115(a) provides:

> Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act [35 P.S. § 113] or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

35 P.S. § 780-115(a).

Appellant has not raised this issue, but legality of a sentence is a nonwaivable issue and may be raised at any time or *sua sponte* by this Court. **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super. 2013). Reviewing the record in light of **Young**, we agree with the Commonwealth that the trial court erroneously applied the sentencing enhancement statute to Appellant's conviction for conspiracy, and that the resulting sentence of 10 to 20 years' incarceration exceeded the statutory maximum penalty of 10 years. **See** 35 P.S. § 780-113(f)(1.1). Accordingly, we vacate judgment of sentence and remand to the trial court for resentencing.[6]

Judgment of sentence vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2017

---

[6] Since the sentence for conspiracy was imposed consecutive to the sentence for possession with intent to deliver cocaine and marijuana, our decision here disturbs the trial court's sentencing plan. Thus, we are compelled to vacate the entire sentence and remand for resentencing. **See Young**, 922 A.2d at 918 n. 9.